IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON,                )
ELISHA HUNTER,                     )
Individually and on behalf of others )
similarly situated                 )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )    CIVIL ACTION FILE
                                   )
THE GREAT AMERICAN DREAM,          )    NO.: 1:12-cv-3359-TWT
INC. d/b/a PINUPS                  )
and JAMES W. LEE, SR.              )
                                   )
            Defendants.            )    JURY TRIAL DEMANDED

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Martisha Stevenson and Elisha Hunter, and file this

lawsuit against Defendants The Great American Dream, Inc. d/b/a Pinups  and

James W. Lee, Sr. (hereinafter collectively "Defendants"), and show the

following:

### Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

1

Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant The Great American Dream, Inc. d/b/a Pinups is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 2788 East Ponce De Leon Avenue, Decatur, Georgia 30030.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

6.

Plaintiffs Stevenson and Hunter were residents of the State of Georgia during the relevant time period.

7.

Defendant The Great American Dream, Inc. d/b/a Pinups may be served with process by delivering a copy of the summons and complaint to its registered agent, Larry J. White, 1126 Ponce De Leon Avenue NE, Atlanta, Georgia 30306.

8.

Defendant James W. Lee, Sr. may be served with process by delivering a copy of the summons and complaint to his address at 3905 Oakcliff Industrial Court, Atlanta, Georgia 30040

## Factual Allegations

9.

Pinups is an adult entertainment nightclub located at 2788 East Ponce De Leon Avenue, Decatur, Georgia 30030.

10.

Plaintiffs have been employed as entertainers at Pinups during the three years prior to the filing of this lawsuit.

11.

Plaintiffs and others similarly situated (the "FLSA Collective") are individuals who have worked as current and former entertainer employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.

At all times for three years prior to the filing of the instant complaint, Defendants have employed female entertainers at Pinups.

13.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at Pinups as "independent contractors."

14.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background. Defendants have, however, required entertainers to dance at specified times and in a specified manner on stage and for a specific price; regulated entertainers' attire and interactions with customers; required entertainers to attend meetings at Defendant's business; and financed all advertising efforts undertaken on behalf of Pinups. Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

15.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Plaintiffs, to pay a specific amount, often referred to as a "house fee" in order to work on any given shift.

16.

The specific amount entertainers, including Plaintiffs, were required to pay has varied over the last three years, but has generally been at least $35 per shift up to $70 depending on the arrival time of the entertainer.

17.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of Pinups' rules, they are charged additional fees. For example, there is a $20 penalty if the entertainer leaves before the end of her shift. Plaintiffs have been subject to these charges.

18.

The fees described in Paragraphs 15-17 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

19.

Plaintiffs worked over forty hours in some weeks they worked for Defendants.

20.

Defendants have never paid entertainers any amount as wages. Instead, entertainers' source of work related income is gratuities they receive from customers.

21.

Because Defendants did not pay Plaintiffs any wages, Defendants did not pay Plaintiffs one-and-a-half times their regular rate of pay when Plaintiffs worked over forty hours in a given workweek.

22.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

23.

Defendant James W. Lee, Sr. is the CEO of The Great American Dream, Inc. d/b/a Pinups.

24.

Defendant Lee, Sr. had discretion over Plaintiffs' working hours, employment status, and overtime compensation.

25.

Defendant Lee, Sr. acts both directly and indirectly in the interest of The Great American Dream, Inc. d/b/a Pinups and was in a supervisory position over Plaintiffs.

26.

The Great American Dream, Inc. d/b/a Pinups is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

27.

Defendant Lee, Sr. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

28.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

29.

At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

30.

At all times relevant, Defendant has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

31.

At all times relevant, upon information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

32.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendant and protect Plaintiffs.

33.

Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

34.

Plaintiffs and the FLSA Collective they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### Violation of the Minimum Wage Requirement
### of the Fair Labor Standards Act.

35.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiffs worked.

8

36.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

37.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

38.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29

U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-

judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court

costs, expert witness fees, reasonable attorneys' fees as provided under

FLSA § 16 and all other remedies allowed under the FLSA;

(C)     Grant declaratory judgment declaring that Plaintiffs' rights and the rights of the

FLSA Collective have been violated; and

(D)     Award Plaintiffs and the FLSA Collective such further and additional relief as

may be just and appropriate.

Respectfully submitted this 26th day of September, 2012.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5201
Email: paul@sharman-law.com

Counsel for Plaintiffs