IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTISHA STEVENSON, ELISHA HUNTER, Individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THE GREAT AMERICAN DREAM, INC. d/b/a PIN UPS NIGHTCLUB and JAMES W. LEE, SR.,<br>Defendants. | Case No. 1:12-CV-03359-TWT |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CLASS CERTIFICATION

### I. PROCEDURAL BACKGROUND

Plaintiffs have brought the above-captioned action, on their own behalf and on behalf of other similarly-situated colleagues, against their former employers seeking, among other counts, the recovery of unpaid minimum wage compensation under the Federal Fair Labor Standards Act ("FLSA"). Defendant The Great American Dream, Inc. filed an Answer. [Doc. 3]. Defendant James W. Lee, Sr. has also filed an Answer. [Doc. 4].

### II. FACTUAL BACKGROUND

1. Plaintiff Martisha Stevenson was employed by Defendants as an entertainer from about August 2005 to present. Declaration of Martisha Stevenson

1

("Stevenson Dec.") Ex. A at ¶ 2.

2. Plaintiff Elisha Hunter was employed by Defendants as an entertainer from about August 2006 to present. Declaration of Elisha Hunter ("Hunter Dec.") Ex. B at ¶ 2.

3. At all times during the course of Plaintiffs' employment with Defendants, the Plaintiffs' primary job duty was as an entertainer at Pin Ups Nightclub in Decatur, Georgia. Stevenson Dec. at ¶ 3, Hunter Dec. at ¶ 3.

4. Plaintiffs' regularly work about four days each week during their employment at Pin Ups Nightclub. Stevenson Dec. at ¶ 4, Hunter Dec. at ¶ 4.

5. For each day shift Plaintiffs work, Defendants require them to begin work at 11:30am and finish at 8:00pm. Stevenson Dec. at ¶ 5, Hunter Dec. at ¶ 5.

6. For each night shift Plaintiffs work, Defendants require them to begin work at 8:00am and finish at 4:00pm. Stevenson Dec. at ¶ 6, Hunter Dec. at ¶ 6.

7. For each after-hours shift Plaintiffs work, Defendants require them to begin work at 3:00am and finish at 7:00am. Stevenson Dec. at ¶ 7, Hunter Dec. at ¶ 7.

8. At all times while Plaintiffs have been employed by Defendants, Defendants set and decided the schedule and hours for Plaintiffs and all other entertainers working at Pin Ups Nightclub. Stevenson Dec. at ¶ 8, Hunter Dec. at ¶ 8.

9. At all times while Plaintiffs have been employed by Defendants, Defendants set and determined the rate and method of pay for Plaintiffs and all other entertainers working for Defendants. Stevenson Dec. at ¶ 9, Hunter Dec. at ¶ 9.

10. At all times throughout Plaintiffs' employment with Defendants, Defendants have never paid Plaintiffs or any of the other entertainers any wages for work duties each entertainer performed. Stevenson Dec. at ¶ 10, Hunter Dec. at ¶ 10.

11. At all times throughout Plaintiffs' employment with Defendants, Defendants have titled Plaintiffs and all other entertainers working for Defendants as independent contractors and not employees. Stevenson Dec. at ¶ 11, Hunter Dec. at ¶ 11.

12. At all times throughout Plaintiffs' employment with Defendants, Defendants have always provided the necessary facilities and equipment so that Plaintiffs and all other entertainers working at Pin Ups Nightclub could perform their jobs as entertainers for Defendants. Stevenson Dec. at ¶ 12, Hunter Dec. at ¶ 12.

13. At all times while Plaintiffs were employed by Defendants, Defendants have had the ability to discipline, fine, and fire Plaintiffs and all other entertainers working at Pin Ups Nightclub. Stevenson Dec. at ¶ 13, Hunter Dec. at ¶ 13.

14. At all times while Plaintiffs were employed by Defendants, Defendants have had the ability to adjust work schedules of Plaintiffs and all other entertainers working at Pin Ups Nightclub. Stevenson Dec. at ¶ 14, Hunter Dec. at ¶ 14.

15. At all times during Plaintiffs' employment with Defendants, Defendants have supervised the work duties of Plaintiffs and all other entertainers working at Pin Ups Nightclub.  Stevenson Dec. at ¶ 15, Hunter Dec. at ¶ 15.

16. At all times during Plaintiffs' employment with Defendants, Defendants have required that Plaintiffs and all other entertainers share the tips or gratuities they receive while dancing on stage equally with whichever and however many other entertainers Pin Ups Nightclub selects to dance on stage at the same time.  Stevenson Dec. at ¶ 16, Hunter Dec. at ¶ 16.

17. At all times during Plaintiffs' employment with Defendants, Defendants have retained sole discretion over the amount Plaintiffs and all other entertainers charge customers for personal dances performed off stage.  Stevenson Dec. at ¶ 17, Hunter Dec. at ¶ 17.

18. At all times during Plaintiffs' employment with Defendants, Defendants have controlled advertising and marketing for the club, with Plaintiffs and all other entertainers maintaining no control over the type or content of advertising or marketing done.  Stevenson Dec. at ¶ 18, Hunter Dec. at ¶ 18.

19. At all times during Plaintiffs' employment with Defendants,

Defendants have tightly controlled Plaintiffs' and all other entertainers' appearance. Stevenson Dec. at ¶ 19, Hunter Dec. at ¶ 19.

20. At all times during Plaintiffs' employment with Defendants, Plaintiffs and all other entertainers have been required to pay a "house fee" in order to work each night. Stevenson Dec. at ¶ 20, Hunter Dec. at ¶ 20.

21. At all times during Plaintiffs' employment with Defendants, Plaintiffs and all other entertainers have been assessed other charges based on the day of the week and time an entertainer arrives for work, with higher fees charged for busier nights and later arrivals. Stevenson Dec. at ¶ 21, Hunter Dec. at ¶ 21.

22. At all times during Plaintiffs' employment with Defendants, Pin Ups Nightclub has prohibited Plaintiffs and all other entertainers from leaving the club after work without going through a "check out" process that includes paying the "house mom" a set amount. Stevenson Dec. at ¶ 22, Hunter Dec. at ¶ 22.

23. There have been no changes to Plaintiffs' or all other entertainers' primary job duties over the past three years at Pin Ups Nightclub. Stevenson Dec. at ¶ 23, Hunter Dec. at ¶ 23.

24. Plaintiffs have personal knowledge that at least fifty (50) dancers were employed by Defendants as entertainers at Defendants' club in Georgia during the time that Plaintiffs worked for Defendants, and that none of these entertainers were paid by Defendants at an hourly rate at least equal to the Federal Minimum Wage.

Stevenson Dec. at ¶ 24, Hunter Dec. at ¶ 24.

25.     Plaintiffs have personal knowledge that other similarly situated entertainers employed by Defendants have not joined this lawsuit because either (1) they do not have knowledge of their rights to Minimum Wage compensation; (2) they do not have knowledge of this lawsuit; or (3) they are afraid if they join this lawsuit, Defendants will retaliate against them and/or they will lose their employment with Defendants.  Stevenson Dec. at ¶ 25, Hunter Dec. at ¶ 25.

### III.     ARGUMENT AND CITATION TO AUTHORITY

A. **Conditional Class Certification and Judicial Notice are Appropriate in this Case.**

Under 29 U.S.C § 216(b) of the FLSA, "an action … may be maintained against any employer … in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of themselves **and other employees similarly situated.**" *Id.* (emphasis added).  Dating back over seventy years, Federal Courts have examined the extent to which one or more named plaintiffs must be "similarly situated" to the proposed group of unnamed plaintiffs in order for all of the plaintiffs to proceed before the court together as a collective action.  In *Shain v. Armour & Co.*, 40 F.Supp. 488 (W.D.Ky. 1941), which involved a claim for unpaid overtime wages, the court analyzed the "similarly situated" standard, and concluded as follows:

> The [FLSA] authorizes an employee to sue for himself 'and other

employees similarly situated.'  It is very comprehensive and inclusive; it contains no restrictions other than that the other employees be similarly situated. . . . **Employees may be similarly situated without being identically situated.  The evident purpose of the Act is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other.**

*Id.* at 490 (emphasis added).

Under Section 216(b) of the FLSA, a collective action has three important considerations: First, an employee must opt-in, or consent in writing, to join the suit and have the consent filed with the court. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 168 (1989); *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996.))  Second, unless the statute of limitations is tolled, it runs on each employee's claim until that employee files a consent form with the court. *Grayson*, 79 F.3d at 1106.  Third, the court can order notice to be sent to other potential similarly situated employees to inform them of this opportunity to opt into to the case and to serve the "broad remedial purpose" of the FLSA.  *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) (citing *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978)).

Judicial notice avoids a "multiplicity of duplicative suits," allows the court to move the case forward, and helps prevent potential opt-in plaintiffs' claims from

expiring under the statute of limitations. *Hoffmann-La Roche*, 493 U.S. at 171-73. Here, conditional certification and judicial notice are proper because Plaintiffs satisfy the lenient standard for demonstrating that they are similarly situated to the class of all entertainers working at Pin Ups Nightclub in the past three years.

### 1. The Eleventh Circuit and Northern District of Georgia Apply a Two-Stage Certification Process.

Like many courts, The Eleventh Circuit and the Courts in the Northern District of Georgia have adopted a two-stage approach to determine whether a case should be certified as a collective action. *Hipp*, 252 F.3d at 1218; *Davis v. Precise Communication Services, Inc.*, No. 1:07-CV-3128-JOF, 2009 WL 812276, at * 2 (N.D. Ga. Mar. 27, 2009); *Cash v. Gwinnett Sprinkler Co., Inc.*, No. 1:08-CV-2858-JOF, 2008 WL 5225874, at * 1 -2  (N.D. Ga. Dec. 12, 2008).  First, in the "notice stage," the court determines, based only on the pleadings and plaintiffs' declarations, whether plaintiffs and potential opt-in plaintiffs are sufficiently "similarly situated" to issue judicial notice allowing the case to proceed as a collective action. *Davis*, 2009 WL 812276, at * 2 (citing *Hipp*, 252 F.3d at 1218). Once this determination is made, the court "conditionally certifies" the collective action, and plaintiffs are authorized to send court-approved notice to potential opt-in plaintiffs. *Davis*, 2009 WL 812276, at * 3; *Cash*, 2008 WL 5225874, at * 2.  After receiving notice, the potential plaintiffs may elect to opt-in pursuant to section 216(b) by filing their written consents with the court. Id.  Once notice has been

completed, the case proceeds as a collective action through discovery. *Hipp*, 252 F.3d at 1218.

For the second step, usually in response to a motion for decertification, the court performs a more rigorous factual determination as to whether putative members of the collective class are, in fact, similarly situated. *Davis*, 2009 WL 812276, at * 2 (citing *Grayson*, 79 F.3d at 1096). After discovery, if the court determines that plaintiffs and other class members are not similarly situated, the court may "de-certify" the collective action and dismiss the claims of the opt-in plaintiffs without prejudice. *Cash*, 2008 WL 5225874, at * 2 (citing *Hipp*, 252 F.3d at 1218).

### 2. The Conditional Class Certification and Judicial Notice Standard in FLSA Collective Actions is Minimal.

At the notice stage, the plaintiffs' burden is very low. Plaintiffs merely have to demonstrate a "reasonable basis" for determining potential plaintiffs to be "similarly situated." *Grayson*, 79 F.3d at 1097; see *Hipp*, 252 F.3d at 1214-1218 (describing the standard for determining conditional certification as "flexible" and "not particularly stringent"); *Davis*, 2009 WL 812276, at * 2 (stating that the standard at the notice stage is "fairly lenient"); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342 (N.D. Ga. 2007) (noting that motions for conditional certification are typically granted).

In the Eleventh Circuit, a plaintiff's burden is particularly low. Although

many courts have held that the notice stage requires "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," the Eleventh Circuit has stated that such allegations may not be required to satisfy the similarly-situated requirement of Section 216(b). *Hipp*, 252 F.3d at 1219 (quoting *Grayson*, 79 F.3d at 1095); see also *Russell v. ProMove, LLC*, No. 1:06-cv-00659-RWS (Nov. 9, 2006) (requiring only a "factual nexus" between plaintiff's situation and that of current and former employees); *Cash*, 2008 WL 5225874, at * 2 (looking only to whether there are other employees who wish to opt-in to the action and whether those employees are "similarly situated" with respect to their job requirements and pay provisions); *Davis*, 2009 WL 812276 at * 2 (same); Scott, 2006 WL 1209813 at * 2 (requiring only a rudimentary showing beyond job duties and pay provisions).

Consequently, plaintiffs who allege a single decision, policy or plan applicable to potential class members (such as classifying employees as independent contractors) will have met and likely exceeded their burden. See *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1336 (M.D. Fla. 2007) (stating that the Eleventh Circuit does not require allegations of a single decision, policy, or plan and going on to grant conditional certification where plaintiffs alleged simply a widespread policy of misclassification); *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at * 7 (M.D. Fla.

Aug. 21, 2008) (finding a reasonable basis to grant conditional certification where all employees were subject to the same classification and there were some commonalities among the relevant job duties (citing *Grayson*, 79 F.3d at 1096)); *Bradford v. Bed Bath & Beyond*, 184 F. Supp. 2d 1342, 1344, 1352 (N.D. Ga. 2005) (granting conditional certification and later denying defendant's motion to decertify in a misclassification case).

### 3. Plaintiffs Have More Than Met the "Similarly Situated" Standard Necessary at this Stage.

This case is in the early stages of litigation, the parties having undertaken no formal discovery. Plaintiffs, at this notice stage, can easily meet the similarly situated standard necessary for conditional certification. This case has been brought due to Defendants' classification of Plaintiffs and all other former and current entertainers as independent contractors rather than as employees. Plaintiffs have established, through their Complaint and by declarations supporting this motion, Defendants' policy of treating Plaintiffs and other members of the potential class as independent contractors, and consequently failing to pay them a minimum wage for all hours worked at Pin Ups Nightclub. Thus, Plaintiffs have met their minimal burden to show that all other entertainers employed at Pin Ups Nightclub during the statutory period were similarly situated.

Plaintiffs can show additional facts to support conditional class certification. All entertainers perform the same job duties of performing for customers at Pin Ups

Nightclub, and providing those customers with personal dances when requested. Moreover, all entertainers perform these job duties under the supervision of Defendants' employees and under enforced verbal and written rules of conduct. None of the entertainers are paid hourly wages and all are required to pay "house fees" pursuant to a specified fee schedule and pay the "house mom" at the end of each shift. Entertainers are also required to adhere to a schedule of work days and hours, and are assessed charges or fines for arriving late.

Plaintiffs' Motion is supported by declarations from the Plaintiffs in this action, both of whom observed through their work at Pin Ups Nightclub that other entertainers performed the same job duties and paid the same fees and fines as a condition of employment. Based on this evidence, Plaintiffs have more than met their burden of showing themselves to be "similarly situated" to the potential opt-in collective. Thus, this Court should grant Plaintiffs' Motion.

### 4. The Court Should Not Consider Certain Factors at the Notice Stage.

Because Plaintiffs must make only a minimal showing at the conditional certification stage, there are several factors that should not be considered for purposes of conditional certification. At the notice stage, courts do not weigh the actual merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *Kreher v. City of Atlanta, Georgia*, No. 1:04-CV-2651-WSD, 2006 WL 739572, at * 4 (N.D. Ga. Mar. 20, 2006) ("The

focus… is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'…. [A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-55 (S.D.N.Y.2005))). Courts have also rejected requests to undertake an examination of specific day-to-day job duties and tasks at this stage. *Scott*, 2006 WL 1209813, at * 3 (declining to "resolve factual issues or make credibility determinations at this stage." (citing *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 279 (D. Minn. 1992))). "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage." *Scott*, 2006 WL 1209813, at * 3.

In addition, courts also do not require extensive individual discovery at this stage. *Id.*; *Kreher*, 2006 WL 739572, at *4 n. 8, 9 (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis, not the first). Moreover, courts do not look to the standard for class certification under Rule 23 of the Federal Rule of Civil Procedure when deciding on conditional certification under the FLSA. *Cash*, 2008 WL 5225874, at * 1-2 (citing *Grayson*, 79 F.3d at 1096). Unlike Rule 23, section 216(b) requires no showing of numerosity, typicality, commonality, or representativeness.

*Grayson*, 79 F.3d 1096 n. 12 ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23."). As a result, the standard for authorizing notice to similarly-situated workers is much lower than under Rule 23. *Id.*

### 5. Judicial Notice is Appropriate in Plaintiffs' Case.

According to the Supreme Court, the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. District courts have discretion to become involved in the notice process early, to insure "timely, accurate, and informative" notice and to help better control the litigation. *Id.* at 171-72. The Supreme Court in *Hoffmann-La Roche* established that court-approved notice to potential plaintiffs in FLSA collective actions is proper in "appropriate cases," leaving discretion with the district court. *Id.* at 169-70.

Prompt judicial notice is required in this case because claims of some potential opt-in plaintiffs are being extinguished or diminished due to the running of the statute of limitations. *Grayson*, 79 F.3d at 1106. Unlike a Rule 23 class action, the statute of limitations is not tolled for those potential class members by the filing of the present Complaint. *See* 29 C.F.R. § 790.21(b) (in collective actions under the FLSA, unnamed plaintiffs are not deemed to have commenced

the action until such time as his/her written consent to become a party plaintiff is filed in the court).  Judicial notice providing all Pin Ups Nightclub entertainers the opportunity to pursue their claims in this case will support the significant judicial economies recommended in Hoffmann-La Roche.  In fact, because virtually identical issues of law and fact exist amongst all of Pin Ups Nightclub' entertainers, one action benefits the judicial system by resolving this case collectively.  Hoffmann-LaRoche, 493 U.S. at 170.

### 6. Plaintiffs' Proposed Judicial Notice Is Accurate, Informative, and Has Been Routinely Adopted.

Plaintiffs' proposed judicial notice is attached as Exhibit C. As the law require, the notice is "timely, accurate, and informative." See *Hoffmann-La Roche*, 493 U.S. at 172.  Plaintiffs proposed notice is carefully drafted to mirror notice forms that this District approved in *Clincy v. Galardi South Enters., Inc.,* 18 Wage & Hour Cas.2d (BNA) 245, 808 F.Supp.2d 1326 (N.D. Ga., 2011), a previous case that raised similar FLSA issues.  Thus, the attached proposed notice achieves the goal of providing accurate and timely notice concerning this case, and should be adopted and approved by this Court.

### B. Defendants Must Produce a List of Entertainers to Facilitate Notice.

As shown above, all entertainers employed by Defendants within the past three years are "similarly situated" employees for purposes of this lawsuit. Plaintiffs request that the court order prompt disclosure of the names and contact

information of those similarly situated so that Plaintiffs may provide those individuals with notice of this action. *See Hoffmann-La Roche*, 493 U.S. at 170[1]; see also *Russell*, No. 1:06-cv-00659-RWS (Nov. 9, 2006) (ordering production of list in electronic and importable format within five days). Consequently, Plaintiffs respectfully request that, in addition to entering an order granting conditional certification and approving Plaintiff's notice, the Court order Defendants to produce the following information to Plaintiff within five (5) days of its order:

> A list, in electronic and importable format, of all persons employed by Defendants as entertainers during the last three years, including their legal name, job title, address, telephone number, dates of employment, location of employment, date of birth, and last four digits of their Social Security number.[2]

### IV.   CONCLUSION

At this very early stage of the proceeding, Plaintiffs have produced facts from which this Court can easily determine the existence of similarly situated plaintiffs. Thus, the Court should 1) authorize this case to proceed as a collective action; 2) order the proper identification of all entertainers who worked for Defendants

---

[1] *Hoffmann-LaRoche* recognizes that Plaintiffs in collective actions under the FLSA are entitled to discovery of the names and addresses of co-workers regardless of whether judicial notice is appropriate. Id. at 170. In so ruling, the Court acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." *Id.*

[2] Due to the transient nature of the business, as discussed above, the last four digits of the social security numbers are needed because the contact information Defendants have will likely be outdated. The social security numbers will help in obtaining current contact information of potential class members.

during the applicable statutory period; and 3) authorize the issuance of Plaintiffs' proposed notice to be mailed to all potential opt-in plaintiffs employed by Defendants in the past three years.

Respectfully submitted this 17th day of December, 2012.

**THE SHARMAN LAW FIRM LLC**

<u>/s/ Paul J. Sharman</u>
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5201
Email: paul@sharman-law.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTISHA STEVENSON, <br> ELISHA HUNTER, <br> Individually and on behalf of others <br> similarly situated <br><br>               Plaintiffs, <br> v. <br><br> THE GREAT AMERICAN DREAM, INC. <br> d/b/a PIN UPS NIGHTCLUB and JAMES <br> W. LEE, SR., <br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:12-CV-03359-TWT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on December 17th, 2012, the undersigned prepared this

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION

FOR CONDITIONAL CLASS CERTIFICATION with one of the font and point

selections approved by the court in Local Rule 5.1(c) and electronically filed this

with the Clerk of Court using the CM/ECF system, which will automatically send

notification to the following counsel of record:

Kenneth I. Sokolov, Esq.
Kenneth I Sokolov, PC
1126 Ponce de Leon Avenue, NE
Atlanta, GA 30306
Phone: 404-872-7086
Fax: 404-892-1128
ken@law-in-atlanta.com

                                                     /s/ Paul J. Sharman

>PAUL J. SHARMAN
>Georgia State Bar No. 227207
>The Sharman Law Firm LLC
>11175 Cicero Drive, Suite 100
>Alpharetta, GA 30022
>Phone: (678) 242-5297
>Fax: (678) 242-5201
>Email: paul@sharman-law.com
>
>Counsel for Plaintiffs