IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON
Individually and on behalf of others
similarly situated, et al.,

    Plaintiffs,

    v.

THE GREAT AMERICAN DREAM,
INC. doing business as
Pinups, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3359-TWT

OPINION AND ORDER

The Plaintiffs are entertainers at Pin Ups Nightclub seeking damages for violation of the minimum wage and overtime wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). The Plaintiffs move to conditionally certify a collective action of all entertainers who have worked at Pin Ups Nightclub over the past three years. Because all entertainers at Pin Ups Nightclub are similarly situated and there is a reasonable basis for concluding that other entertainers wish to opt-in to this action, the Court GRANTS the Plaintiffs' motion.

I. Background

Plaintiffs Martisha Stevenson and Elisha Hunter are current employees of the

Defendants, and have been since August 2005 and August 2006, respectively. (Stevenson Decl. ¶ 2; Hunter Decl. ¶ 2.) The Defendants are The Great American Dream, Inc., doing business as Pin Ups Nightclub ("Pin Ups"), and James W. Lee, Sr., the CEO of Pin Ups. (Compl. ¶¶ 7-8, 23.) The Plaintiffs' primary job duty during the course of their employment has been as entertainers at Pin Ups in Decatur, Georgia. (Stevenson Decl. ¶ 3; Hunter Decl. ¶ 3.) The Defendants argue that entertainers are independent contractors rather than employees, and are thus not covered under the provisions of the FLSA. The Plaintiffs ask the Court to conditionally certify this matter as a collective action and permit them to send notice to all entertainers who worked at Pin Ups in the past three years.

## II.   Standard for Conditional Certification of FLSA Collectives

A collective action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). This Court has discretion to authorize the sending of notice to potential class members in a collective action. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989). Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out. Shabazz v. Asurion Ins. Serv., No. 3:07-

0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008), citing Douglas v. GE Energy Reuter Stokes, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007). Whether or not to certify a collective action is "soundly within the discretion of the district court." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

Courts typically employ a two-step process to determine whether employees are similarly situated so that collective action is proper. The first step is the "notice" or "conditional certification" stage. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008). At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the defendant who desire to opt-in; and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

A class plaintiff's burden is "not particularly stringent," "fairly lenient," and "not heavy," and may be met with "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261; Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). While courts have not defined "similarly situated," it is clear that a plaintiff does not need to show that his position is "identical" to the position held by any other putative class member.

Grayson, 79 F.3d at 1096.  The Court has "broad discretion at the notice stage," but is "constrained, to some extent, by the leniency of the standard for the exercise of that discretion."  Morgan, 551 F.3d at 1261.

### III.  Discussion

#### A.  Merits of the Plaintiffs' Claim

The Defendants argue that all of the entertainers who performed at Pin Ups are "independent contractors" rather than employees, and thus fall outside the ambit of the FLSA.  However, the Plaintiffs only need to make a "colorable claim for relief" under the FLSA in order for the Court to proceed to the two-tiered conditional certification analysis.  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003).  At the conditional certification or notice stage, "[t]he focus...is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'....[A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists."  Kreher v. City of Atlanta, Georgia, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006), quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005).  The Plaintiffs have made a colorable claim for relief, so the Court will consider whether there are other similarly situated employees who wish to opt-in.

B.   Similarly Situated Employees

The Plaintiffs meet their fairly lenient burden at the conditional certification stage by demonstrating a reasonable basis that there are other similarly situated employees. All current and former entertainers at Pin Ups are similarly situated. The Defendants have classified all of them as independent contractors rather than as employees, and have not paid them a minimum wage for all hours worked at Pin Ups. Additionally, none of the entertainers are paid hourly wages and all are required to pay "house fees." Furthermore, all entertainers perform the same job duties of performing for customers at Pin Ups and providing customers with personal dances when requested.

C.   Opt-in Plaintiffs

The Court finds that the Plaintiffs have shown a reasonable basis for their claim that other entertainers wish to opt-in to this action. One consent was filed during the briefing of this motion. Other courts have granted conditional certification on similar facts. See Guerra v. Big Johnson Concrete Plumbing, Inc., No. 05-14237, 2006 WL 2290512, at *4 (S.D. Fla. 2006) (conditionally certifying collective action class where only one other individual had opted-in).

D.  Production of the List of Putative Class Members and Content of the Notice

The Court orders the Defendants to provide the Plaintiffs with a list of the names, last known addresses, phone numbers, dates of birth, last four digits of Social Security numbers, and employment dates of all Pin Ups entertainers within three years prior to the date of this Order.  See Clincy v. Galardi South Enterprises, Inc., 1:09-CV-2082-RWS, at Doc. 147, at *10 (N.D. Ga. Mar. 12, 2010) (ordering defendants to provide plaintiffs with the names, last known addresses, dates of birth, and last four digits of Social Security numbers of all persons employed as entertainers at a nightclub).  The list of putative class members must be sent by the Defendants to counsel for the Plaintiffs within fourteen  days of the docketing of this Order.

The Court has carefully considered all of the Defendants' objections to the content of the Plaintiffs' proposed notice, and has decided to approve the Plaintiffs' proposed notice in its entirety.  The Plaintiffs' proposed notice, including the 60-day opt-in period, is consistent in all material respects with notices that have been approved in other cases.  See Russell v. ProMove, LLC, 1:06-CV-659-RWS, at Doc. 100 (N.D. Ga. Nov. 9, 2006); Clincy, 1:09-CV-2082-RWS, at Doc. 147.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion for Conclusion Conditional Class Certification [Doc. 15].  The Court ORDERS the Defendants to

provide the Plaintiffs with a list of the names, last known addresses, phone numbers, dates of birth, last four digits of Social Security numbers, and employment dates of all entertainers at Pin Ups within three years prior to the date of this Order.

    SO ORDERED, this 13 day of August, 2013.


                          /s/Thomas W. Thrash
                          THOMAS W. THRASH, JR.
                          United States District Judge