IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON and ELISHA HUNTER, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | 1:12 -CV-3359-TWT |
| THE GREAT AMERICAN DREAM, INC. d/b/a Pin Ups Nightclub and JAMES W. LEE, SR., | ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR THE ENTRY OF A NEW SCHEDULING ORDER AND FOR RELIEF UNDER FED. R. CIV. P. 56(F)

COME NOW the Defendants and hereby move this Court for the entry of a new scheduling order and for relief under Fed. R. Civ. P. 56(f). The basis for this motion is that Defendants have not had the opportunity to take discovery of the putative class, and as a result, Defendants cannot properly present all of the facts in opposition to Plaintiffs' motion for summary judgment. In support of this motion, the Parties show the Court:

1

1.

On August 14, 2013, the Court granted conditional certification for other entertainers who worked at Pin Ups. This conditional certification did not take place until after the initial discovery period—covering just the named Plaintiffs—ended.

2.

Defendants should be permitted to take discovery on the claims of any Opt-In Plaintiff. Generally, parties are entitled to take discovery of any non-privileged matters relevant to any party's claims or defenses. Fed. R Civ. P. 26(b)(1).

3.

As a result, the Court should enter a new scheduling order which provides for a period of discovery applicable to the claims of the Opt-In Plaintiffs.

4.

Since the identity of the Opt-In Plaintiffs will not be known until December 13, 2013[1], this scheduling order should provide: (i) that the new discovery period begins soon after that date and continue for four months, and (ii) that Defendants

---

[1] See [Doc 52, p. 2].

shall have 30 days following the end of the new discovery period in which to file a motion to decertify the conditional class.

5.

The Court has only completed the first stage of the certification process, with the Court to make a final adjudication as to class certification, so Defendants are entitled to take discovery of the Opt-In Plaintiffs. See generally Hernandez v. United Auto Credit Corp., 2010 WL 1337702 at *2 (N.D. Cal., Apr. 2, 2010); Balarezo v. Nth Connect Telecom, Inc., 2008 WL 2705095 at * 3 (N.D. Cal. July 8, 2008) (permitting class discovery following conditional certification of class under FLSA).

6.

The first stage of the conditional class certification is based on a lenient standard, and—after discovery—the the Court is to perform a more "rigorous factual determination" as to whether the putative class is in fact similarly situated. See Plaintiff's Memorandum of Law in Support of Their Motion for Conditional Class Certification [Doc. 15-1], at p. 9. As Plaintiffs' acknowledge, following the giving of notice to the conditional class, "the case proceeds as a collective action

through discovery." Id. at p. 8-9 (citing Hipp v. Liberty Natl. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (emphasis added).

7.

It is expected that there are several hundred potential Opt-In Plaintiffs, so it would have been unduly burdensome for the parties to be required to conduct discovery on these potential Opt-In Plaintiffs prior to the Court's August 14, 2013, Order. Plus, it is certainly possible that many of these potential Opt-In Plaintiffs may not elect to "opt-in," and there would be no reason for the parties to conduct discovery of any present or former entertainers that elect to not opt-in. Therefore, it was not incumbent on Defendants to reserve a right to take further class discovery as part of the initial scheduling order.

8.

In addition, because Plaintiffs' pending motion for summary judgment seeks an adjudication applicable to all Plaintiffs—both the named Plaintiffs and any potential Opt-In Plaintiff—the Court should deny Plaintiffs' motion or delay a ruling on the motion until after Defendants are given the opportunity to conduct discovery as to the claims of the Opt-In Plaintiffs.

9.

As set forth in the attached <u>Declaration of Kenneth I. Sokolov</u>, Defendants cannot fully respond to Plaintiffs' summary judgment motion because Defendants' have not had the opportunity to take discovery of all of the claims which are subject to Plaintiffs' motion.

WHEREFORE, Defendants respectfully pray that the Court enter a new scheduling order and deny Plaintiffs' summary judgment motion or post pone Plaintiffs' time to respond to that motion until after Defendants have had the opportunity to properly conduct discovery in this matter.

Respectfully submitted this 14th day October, 2013.

/s/Kenneth I. Sokolov

Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle
Suite 300
Atlanta, Georgia 30328.4834
404.261.0500   Tel
404.261.6779   Fax
kis@wjrlaw.com

## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NAGA.

                                    /s/Kenneth I. Sokolov, Esq.
                                    Georgia Bar No. 666460

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2013, I electronically filed the foregoing <u>Motion for Entry of a New Scheduling Order and for Relief Under Fed. R. Civ P. 56(f)</u> with the Clerk of Court using the CM/E.C. system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Paul J. Sharman, Esq.
The Sharman Law Firm, LLC
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022

      Submitted this 14th day of October, 2013.

                                    /s/Kenneth I. Sokolov, Esq.
                                    Georgia Bar No. 666460