IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON
Individually and on behalf of others
similarly situated, et al.,

   Plaintiffs,

  v.

THE GREAT AMERICAN DREAM,
INC. doing business as
Pinups, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3359-TWT

**OPINION AND ORDER**

The Plaintiffs are entertainers at Pin Ups Nightclub seeking damages for violation of the minimum wage and overtime wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). The case is before the Court on the Defendants' Motion to Dismiss the Claims of the Plaintiff Kwanza Edwards [Doc. 59]. For the reasons set forth below, the Motion to Dismiss [Doc. 59] is GRANTED.

**I. Background**

The Plaintiffs – current and former adult entertainers at Pin Ups Nightclub – brought suit alleging that they were entitled to minimum wage and overtime compensation under the FLSA. On December 17, 2012, they moved for conditional

certification of a collective action class [Doc. 15], which was granted on August 14, 2013 [Doc. 50]. Kwanza Edwards filed an opt-in form to become part of the collective action class on October 7, 2013 [Doc. 57-1].[1] The Defendants now move to dismiss the claims of the Plaintiff Kwanza Edwards, arguing that she signed an arbitration agreement.[2] In response, the Plaintiff makes three arguments. First, she claims that the Arbitration Agreement does not encompass her FLSA claim. Second, she claims that the Arbitration Agreement is unconscionable under Georgia law. Third, she claims that the Defendants waived their right to invoke the Arbitration Agreement.

## II. Legal Standard

"The liberal federal policy favoring arbitration agreements . . . is at bottom a policy guaranteeing the enforcement of private contractual arrangements." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985). When considering a motion to compel arbitration, the Court must first "determine whether the parties agreed to arbitrate that dispute." Id. at 626. If they have, the Court must then determine whether the arbitration clause is valid. It may be unenforceable on grounds that would permit the revocation of any contract, such as fraud or

---

[1] She originally filed her form on October 2, 2013 [Doc. 56-1], but then filed a redacted version on October 7, 2013 [Doc. 57-1].

[2] The Court will treat the Defendant's motion as a Motion to Compel Arbitration and Dismiss.

unconscionability. Id. at 627 ("[C]ourts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract.'") (citing 9 U.S.C. § 2). There may also be legal constraints precluding arbitration, such as a clear congressional intention that a certain claim be heard in a judicial forum. Id. at 628 ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

### III. Discussion

The Arbitration Agreement executed by the Plaintiff and the Defendants encompasses the Plaintiff's FLSA claim. The relevant part of the Arbitration Agreement reads:

> 1. Any "covered claim" that you may have against Pin Ups, its owners, directors, officers, managers, employees or agents . . . shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act . . ..

      2. "Covered claims" include . . . claims . . . arising under . . . the Fair Labor Standards Act (FLSA) . . . .

(Arbitration Agreement ¶¶ 1-2.)

In response, the Plaintiff first argues that the Arbitration Agreement only covers actions instituted or filed by the Plaintiff. Paragraph One of the Arbitration Agreement states: "[a]ny 'covered claim' that you may have against Pin Ups . . . shall be submitted exclusively to and determined exclusively by binding arbitration . . . ." Although certain paragraphs refer to claims *filed* by the Plaintiff, (see Arbitration Agreement ¶ 7), those paragraphs do not circumscribe the broad scope of Paragraph One. This argument is without merit. The Plaintiff then argues that Paragraph Three suggests that the Arbitration Agreement does not apply to collective actions. Paragraph Three, however, only indicates that the Plaintiff may not proceed before an arbitrator as part of a collective action. (See Arbitration Agreement ¶ 3) ("The arbitrator has no authority to . . . to hear an arbitration as a class or collective action . . . and you shall not be allowed to submit your claim(s) against Pin Ups to arbitration as a representative of or participant in a . . . collective action . . . .").

Given that the Arbitration Agreement includes the Plaintiff's FLSA claim, the Court must now determine whether the Arbitration Agreement is valid. The Plaintiff claims that the Arbitration Agreement is unenforceable because it is unconscionable. "[A]rbitration agreements . . . may be held unenforceable . . . if, under the controlling

state law of contracts, requiring arbitration of a dispute would be unconscionable." Cappuccitti v. DirecTV, Inc., 623 F.3d 1118, 1123-24 (11th Cir. 2010). "Georgia's unconscionability doctrine contemplates both procedural unconscionability, which addresses the process of making the contract, and substantive unconscionability, which looks to the contractual terms themselves." Id. at 1124 (internal quotation marks omitted). "When considering procedural unconscionability, the Georgia courts examine the age, education, intelligence, business acumen and experience of the parties, their relative bargaining power, the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of a meaningful choice." Id. (internal quotation marks omitted). With substantive unconscionability, "courts have focused on matters such as the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns." Id. (internal quotation marks omitted).

The Plaintiff first argues that the Arbitration Agreement is procedurally unconscionable because the Defendants never explained what the consequence would be if she refused to sign it. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 3.) The cover letter to the Plaintiff's contract, however, expressly stated that the Arbitration Agreement would "be a condition of continued performance at Pin Ups." (Adams

Decl., Ex. A.) The Plaintiff then argues that it is procedurally unconscionable because she had no meaningful choice. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 3.) She points out that it was presented to her by someone with authority over her. (Id.) But the bargaining disparity inherent in any employer-employee relationship is not sufficient to render an arbitration agreement unconscionable. See Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1377 (11th Cir. 2005) ("Although there is some bargaining disparity here, as often in the employment context, the plaintiffs have failed to show that the DRP and its making is so one-sided as to be unconscionable."); Results Oriented, Inc. v. Crawford, 245 Ga. App. 432, 441 (2000) ("[L]ack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability."). The terms are unambiguous and there is no allegation that the Plaintiff could not comprehend their significance. Such standard form arbitration agreements are common. See Caley, 428 F.3d at 1367 ("[C]ompulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes.").

The Plaintiff then argues that the Arbitration Agreement is substantively unconscionable because it unjustifiably protects the Defendants. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 5.) There is no warrant or explanation for this argument. The terms

of the Arbitration Agreement require *both* parties to arbitrate covered claims. Cf. Caley, 428 F.3d at 1378 ("The promises are mutual: both parties are required to arbitrate covered claims, and neither is required to arbitrate non-covered claims."). The Plaintiff then argues that the Arbitration Agreement is substantively unconscionable because it interferes with the Plaintiff's right to proceed as part of a collective action. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 5-6.) But "the fact that certain litigation devices may not be available in an arbitration is part and parcel of arbitration's ability to offer simplicity, informality, and expedition." Caley, 428 F.3d at 1378 (internal quotation marks omitted). Indeed, in Caley – a case which included an FLSA claim – the Eleventh Circuit found that there was nothing unconscionable about an arbitration agreement that precluded class actions. See id.; see also Walthour v. Chipio Windshield Repair, LLC, 944 F. Supp. 2d 1267, 1279 (N.D. Ga. 2013) (enforced arbitration clause which prevented plaintiffs from pursuing FLSA claims as a collective action class); Zekri v. Macy's Retail Holdings, Inc., 1:10-CV-1740-MHS, 2010 WL 4660013, at *2 (N.D. Ga. Nov. 4, 2010) (rejecting the argument that an "arbitration agreement's prohibition of collective actions is unconscionable because it violates Georgia public policy").

Finally, the Plaintiff argues that the Defendants waived their right to compel arbitration. To determine whether a party has waived the right to compel arbitration,

the Court first decides whether "under the totality of the circumstances, the party has acted inconsistently with the arbitration right." Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012) (internal quotation marks omitted). "A party acts inconsistently with the arbitration right when the party substantially invokes the litigation machinery prior to demanding arbitration." Id. (internal quotation marks omitted). Second, the Court must decide "whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." Id. (internal quotation marks omitted). "To determine whether the other party has been prejudiced, [the Court] may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." Id. (internal quotation marks omitted). Here, the Defendants did not act inconsistently with their arbitration right, nor has the Plaintiff been prejudiced. From the time she opted into the action until the time the Defendants filed the Motion to Dismiss, the Defendants took no other action in the litigation. Indeed, the Defendants moved to dismiss the Plaintiff's claim a mere seven days after she opted in. The Defendants' Motion to Dismiss the claims of the Plaintiff Kwanza Edwards should be granted.[3]

---

[3] The Plaintiff also argues that she signed the Arbitration Agreement before the current action was instituted. However, she signed the Arbitration Agreement before she opted into the action. The Arbitration Agreement was signed on February 24, 2013. (Adams Decl., Ex. A.) The Plaintiff opted in on October 7, 2013. [Doc. 57].

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Motion to Dismiss the Claims of the Plaintiff Kwanza Edwards [Doc. 59].

SO ORDERED, this 16 day of January, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge