IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON,                    :
ELISHA HUNTER,                         :
Individually and on behalf of others   :
similarly situated,                    :
    Plaintiffs,                        :
                                       :      CIVIL ACTION FILE NO.
    vs.                                :
                                       :      1:12 - cv - 3359 - TWT
THE GREAT AMERICAN DREAM, INC. :
d/b/a PINUPS, and                      :
JAMES W. LEE, SR.,                     :
    Defendants.                        :      JURY TRIAL DEMANDED

DEFENDANTS THE GREAT AMERICAN DREAM, INC.,
d/b/a PIN UPS AND JAMES W. LEE, SR.'S
MOTION TO DECERTIFY OR TO AMEND THE CONDITIONAL CLASS

COME NOW Defendants, The Great American Dream, Inc. d/b/a Pinups and

James W. Lee, Sr., and pursuant to Fed. R. Civ. P. 23(c)(1), hereby move to Decertify

Or To Amend The Conditional Class ordered by this Court on August 14, 2013 [Doc.

50].

In support of the within Motion, Defendants show that the Conditional Class

should be amended to delete therefrom Opt-In Plaintiffs who have failed to respond to

1

Defendants' discovery requests and Opt-In Plaintiffs who, while purporting to have responded, have not submitted Verifications, attesting to the accuracy of such responses, as required under Fed. R. Civ. P. 33.

In support of the within Motion, Defendants attach hereto the following Exhibits:

Exhibit "A":  Affidavit Of Kenneth I. Sokolov, Esq., Counsel for Defendants;

Exhibit "B": Defendants' First Interrogatories, Request For Production Of Documents, First Request For Admissions To Opt-In Plaintiffs;

Exhibit "C": Defendants' Second Interrogatories, Second Request For Production Of Documents, And Second Request For Admissions To Opt-In Plaintiffs;

Exhibit "D":  Option-In Plaintiffs' Response To Defendants' Interrogatories, Requests For Production Of Documents, And Requests To Admit;

Exhibit "E":  List Of Opt-In Plaintiffs Failing To Supply Verifications in response To Interrogatories;

Exhibit "F":  List Of Opt-In Plaintiffs Failing To Respond To Defendants' Interrogatories, Requests For Admission, And Requests For Production Of Documents;

2

Plaintiffs' counsel is requested to supply the Court with the electronic link necessary to access "Spreadsheet," referenced in Opt-In Plaintiffs' discovery response, Verifications, and other documents referenced in the discovery response.

In further support of the within Motion, Defendants submit their Brief In Support of Motion To Decertify Or To Amend Conditional Class, submitted contemporaneously herewith.

WHEREFORE, Defendants respectfully pray that their Motion To Decertify Or To Amend Conditional Class be inquired into and sustained.

Respectfully submitted this 8th day of October, 2014.

s/Kenneth I. Sokolov

Georgia Bar # 666460
Kenneth I. Sokolov, P.C.
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328.4834
404.261.0500 Tel / 404.261.6779 Fax
kis@wjrlaw.com

Attorneys For Defendants:
The Great American Dream d/b/a Pin Ups Nightclub
And James W. Lee, Sr.

**EXHIBIT "A"**

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON,                                :
ELISHA HUNTER,                                          :
Individually and on behalf of others            :
similarly situated,                                        :
     Plaintiffs,                                          :
                            :    CIVIL ACTION FILE NO.
     vs.                                                       :
                            :    1:12 - cv - 3359 - TWT
THE GREAT AMERICAN DREAM, INC.  :
d/b/a PIN UPS, and                                       :
JAMES W. LEE, SR.,                                     :
     Defendants.                                         :

<u>AFFIDAVIT OF KENNETH I. SOKOLOV</u>

PERSONALLY APPEARED before the undersigned officer, duly authorized

to administer oaths, Kenneth I. Sokolov, who first being first duly sworn, deposes

and testifies under oath as follows:

1.    My name is Kenneth I. Sokolov, Esq. and I am counsel for Defendants in the

above matter.

2.    I have personal knowledge regarding the facts set forth herein and know the

same to be true and correct.

3.      Attached to Defendants' Motion To Amend Conditional Class as Exhibit "B" and is a true and correct copy of Defendants' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Opt-In Plaintiffs. Attached to Defendants' Motion as Exhibit "C" is a true and correct of Defendants' Second Interrogatories, Second Request For Production Of Documents, And Second Request For Admissions To Opt-In Plaintiffs.

4.      Attached to Defendants' Motion as Exhibit "D" is a true and correct copy of Opt-In Plaintiffs' Response To Defendants' Interrogatories, Requests For Production Of Documents, And Requests To Admit.

5.      I have analyzed the "Spreadsheet" referenced in Opt-In Plaintiffs' discovery response. The Spreadsheet reflects those Opt-In Plaintiffs from whom no response to Defendants' discovery requests has been furnished. A list of these Opt-In Plaintiffs is set forth on Exhibit "E" to Defendants' Motion.

6.      I have made a list of the Opt-In Plaintiffs that have tendered written Verifications to their discovery response, as contained in Exhibit "D."

7.      I have compared the list of Opt-In Plaintiffs that have tendered written Verifications to the total list of Opt-In Plaintiffs. The document attached as

2

Exhibit "F" to Defendants' Motion is a list of the Opt-In Plaintiffs from whom no written Verification of discovery responses has been received.

      Further Affiant sayeth naught.

_____
Kenneth I. Sokolov

Sworn to and subscribed before me
this _7th_ day of October, 2014.

_____
Notary Public
My Commission Expires:

LARUE KING
NOTARY
EXPIRES
GEORGIA
SEPT. 29, 2018
PUBLIC
COBB COUNTY

3

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EXHIBIT "B"



MARTISHA STEVENSON,           :
ELISHA HUNTER,                :
Individually and on behalf of others :
similarly situated,           :
    Plaintiffs,              :
                   :  CIVIL ACTION FILE NO.
    vs.                      :
                   :  1:12 - cv - 3359 - TWT
THE GREAT AMERICAN DREAM, INC. :
d/b/a PIN UPS, and            :
JAMES W. LEE, SR.,            :
    Defendants.              :

DEFENDANT GREAT AMERICAN DREAM, INC.'s FIRST INTERROGATORIES
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
FIRST REQUEST FOR ADMISSIONS TO OPT-IN PLAINTIFFS

To:    Opt-In Plaintiffs c/o Their Attorney-Of-Record:

    Defendant, The Great American Dream, Inc. ("GAD") (inaccurately described in the

Complaint as "d/b/a Pin Ups"), pursuant to Fed. R. Civ. P. 33, 34, 36 submits herewith to the

Opt-In Plaintiffs herein ("Plaintiffs"), for response within thirty (30) days after service hereof in

the form provided by law, the following First Interrogatories, First Request For Production Of

Documents, First Request For Admissions To Opt-In Plaintiffs. The Interrogatories and Request

For Production Of Documents are continuing, requiring a supplemental response upon the

discovery of other or further information or documents affecting Plaintiffs' responses hereto.

## INSTRUCTIONS

A.     Each Interrogatory shall be construed to include information within each opt-in Plaintiff's' knowledge, possession, or control as of the date of its answer to these Interrogatories and any supplemental information, knowledge, data, documents, or communications responsive to these Interrogatories which is subsequently generated, obtained or discovered.

B.     If the response to any Interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(1)     Provide such information as can be ascertained without undue burden;

(2)     State with particularity the basis for such objection, including:

(a)     A description of the process or method required to obtain any fact responsive to the Interrogatory; and

(b)     The estimated cost and time required to obtain any fact responsive to the Interrogatory.

(3)     Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the Interrogatory can be obtained; and

(4)     State whether documents or other sources will be made available for inspection and copying.

C.     If you claim a privilege as grounds for not fully answering any Interrogatory, describe the factual basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If the claim of privilege relates to identification of a document, also state the date the document was prepared, the author, the addressee, and the subject matter.

DEFINITIONS

As used in these Interrogatories, the following terms include the meanings set forth below:

A.      The term ""Opt-In Plaintiff" or "you" refers to each individual person executing a document entitled "Consent Form" filed with the Court in the above-referenced matter.

B.      The terms "Opt-In Plaintiff" or "you" or any synonyms thereof, are intended to and shall embrace and include in addition to said Opt In Plaintiff, all agents, servants, representatives, private investigators, or agents of any company or corporation retained or employed by Plaintiffs in any manner which may relate to the facts and events which are the subject of the instant litigation.

C.      The term "document" means any record of any kind, whether written, graphic, pictorial, photographic, phonographic, mechanical, taped, electronic, or otherwise, and every non-identical copy, now or formerly in Plaintiff's custody or control. Different versions of the same documents, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of the term used. In case originals or original non-identical copies are not available, "document" includes copies of originals or copies of non-identical copies, as they may be.

D.      The term "identify" has the following meanings:

(1)      When used in reference to a person, it means to state the full name, the last known residence, name of employer, business address and business telephone number, the length of service with employer, and a job description for each position while employed. If such person is no longer employed, state when that person left, why that person left, where that person can now

3

be found, the name of each person who served as a supervisor, and the position that supervisor held.

(2)    When used in reference to corporation, it means to state the full name of the corporation, and the address and telephone number of its principal place of business.

(3)    When used in reference to a document, it means to state the type of document (e.g., letter, telegram, magnetic tape, chart, etc.), describing it sufficiently for purposes of a request to produce or subpoena duces tecum, including its substance, its author or originator, and location and custodian. In lieu of identification of a document, the document may be made available for inspection and copying. If any such document was, but is no longer in your possession, state what disposition was made of it.

(4)    When used in reference to a communication, it means:

(a)    If such communication was oral, to identify the person speaking and the person spoken to; and

(b)    State the date and place of the communication and its substance, and if such communication was contained in a document, identify the document.

E.    The term "communication" shall mean a transmittal of information, or request for information, by document or otherwise, and includes any conversation in person, by telephone, or by any other means, as well as any utterance heard by another person whether in person, by telephone, or otherwise.

F.    The term "person" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, governmental, local government, political subdivision, or any other legal entity of any kind.

4

G.      The term "relate to" means bearing on, referring to, or addressing in whole or in part that subject.

H.      The terms "and" / "or" as used herein have both conjunctive and disjunctive meanings.

I.      The term "any" as used herein means each and every, as well as "any one."

J.      The term "state" means to provide a detailed factual basis to support the answer articulated and to identify all persons who have knowledge of, or documents or communications which relate to, the answer provided.

K.      The term "criticism" means an expression of fault.

L.      The term "disapproval" means an unfavorable opinion or judgment.

M.      The term "dissatisfaction" means displeasure or discontent.

N.      "Pin Ups" means the Pin Ups Nightclub located at 2788 Ponce de Leon Avenue, Decatur, Georgia 30030.

O.      "Pin Ups Management" means anyone whom you understood to have the power to affect any terms or conditions of work you performed at Pin Ups.

<u>INTERROGATORIES:</u>

1.      State your full name and any stage name, alias or adopted name which you have used or which you have recognized or adopted since 2009.

2.      State your social security number and any social security number you have used or any social security number assigned to you from 2009 to the present.

3.      Identify the dates on which you worked at Pin Ups.

4.      State the total number of hours you worked at Pin Ups.

5

5.    State the amount of money you received from work you performed at Pin Ups.

6.    State the amount of money you were required to pay to Pin Ups during each shift you worked at Pin Ups.

7.    Identify all documents in your possession, custody or control, evidencing, referring or relating to any work you performed at Pin Ups.

8.    Identify all documents in your possession, custody or control, evidencing, referring or relating to any money paid to you in exchange for work you performed at Pin Ups.

9.    Identify each and every position of remunerative employment you have held in each of the years 2009 through 2012.

10.    State the total amount of money you earned from all sources in each of the years 2009 through 2012.

## REQUEST FOR DOCUMENTS:

1.    Produce any and all adult entertainment licenses issued to you from 2009 through 2012.

2.    Produce any application you submitted for an adult entertainment license from 2009 through 2012.

3.    Produce all documents identified in your response to Defendant's Interrogatories to you.

4.    Produce documents constituting tax returns you have filed with any state or federal government for any year in which you worked at Pin Ups, beginning in 2009.

5.    Produce all documents evidencing, referring or relating to your computation of hours that you worked at Pin Ups.

6.    Produce all documents evidencing, referring or relating to any money you contend you were required to pay to Pin Ups in order to work at Pin Ups.

<u>REQUEST TO ADMIT:</u>

1.    Admit that in exchange for work you performed at Pin Ups you received money from customers of Pin Ups.

2.    Admit that Pin Ups customers paid you in cash.

3.    Admit that Pin Ups Management did not require you to tell them how much money you had received as a result of work you performed at Pin Ups.

4.    Admit that you did not tell Pin Ups Management the amount of money you received from Pin Ups' customers.

5.    Admit that the amount of money you received from work you performed at Pin Ups is greater than the number of hours you worked at Pin Ups multiplied by $7.25.

## PLEASE NOTE:

In the event that any of the items are not produced under the claim that they were produced or are protected under a claim of "prepared in anticipated of litigation" please provide the first (earliest) date that you determined litigation would be necessary.

Submitted this 12th day of March, 2014.

Kenneth E. Sokolov

Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328.4834
404.261.0500 Tel / 404.261.6779 Fax
kis@wjrlaw.com
Attorneys For Defendants:
The Great American Dream, Inc.
James W. Lee, Sr.

CERTIFICATE OF SERVICE

This is to certify that I have this date served the following individual(s) with the foregoing Defendant Great American Dream, Inc.'s First Interrogatories, Request For Production Of Documents, First Request For Admissions To Opt-In Plaintiffs by depositing a copy of same in the United States Mail with sufficient postage affixed thereon and addressed as follows:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.5297Tel / 678.242.5201Fax
paul@sharman-law.com

Submitted this 12th day of March, 2014.

_____
Kenneth I. Sokolov

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | : | |
| ELISHA HUNTER, | : | |
| Individually and on behalf of others | : | |
| similarly situated, | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE NO. |
| vs. | : | |
| | : | 1:12 - cv - 3359 - TWT |
| THE GREAT AMERICAN DREAM, INC. | : | |
| d/b/a PINUPS, and | : | |
| JAMES W. LEE, SR., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

COMES NOW The Great American Dream, Inc., Defendant ("GAD") in the

above-referenced action and pursuant to Uniform State Court Rule 5.2, hereby

certifies that it served "First Interrogatories, First Request For Production Of

Documents, And First Request For Admissions To Opt-In Plaintiffs" via regular

mail, upon the attorney(s) listed herein on the attached Certificate Of Service.

1

So certified this 12th day of March, 2014.

/s/Kenneth I. Sokolov

Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328.4834
404.261.0500 Tel / 404.261.6779 Fax
kis@wjrlaw.com
Attorneys For Defendants:
The Great American Dream, Inc.
James W. Lee, Sr.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa.

s/Kenneth I. Sokolov
Georgia Bar No. 666460

## CERTIFICATE OF SERVICE

This shall certify that I have this date served all parties to the foregoing matter with copies of the within Certificate Of Service Of Discovery Materials with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Paul J. Sharman, Esq.
The Sharman law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.5297 Tel / 678.242.5201 Fax

2

paul@sharman-law.com

Submitted this 12th day of March, 2014.

/s/Kenneth I. Sokolov

## Discovery Documents

<u>1:12-cv-03359-TWT Stevenson et al v. The Great American Dream, Inc. et al</u>

4months,APPEAL,CLASS,NeedJgm,SUBMDJ

### U.S. District Court

### Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered by Sokolov, Kenneth on 3/12/2014 at 3:19 PM EDT and filed on 3/12/2014

| | |
|---|---|
| **Case Name:** | Stevenson et al v. The Great American Dream, Inc. et al |
| **Case Number:** | <u>1:12-cv-03359-TWT</u> |
| **Filer:** | James W. Lee, Sr |
| | The Great American Dream, Inc. |

**Document Number:** <u>105</u>

**Docket Text:**
**CERTIFICATE OF SERVICE** *Of Discovery Material* **by James W. Lee, Sr, The Great American Dream, Inc..(Sokolov, Kenneth)**

**1:12-cv-03359-TWT Notice has been electronically mailed to:**

Kenneth Ian Sokolov    kis@wjrlaw.com, lgk@wjrlaw.com

Paul Joseph Sharman    paul@sharman-law.com

**1:12-cv-03359-TWT Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=3/12/2014] [FileNumber=6299594-0
] [1da2fd1b41b0ad99cae1ef46db3e87e0653fe16a941834b20496c2bf9e83fbe7392
670ccd03e284ce8ee1647d5e6217fb0666d5749bbb7dae9658e3544aa6b3b]]

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EXHIBIT "C" 

MARTISHA STEVENSON,                    :
ELISHA HUNTER,                         :
Individually and on behalf of others   :
similarly situated,                    :
     Plaintiffs,                       :
                                       :    CIVIL ACTION FILE NO.
    vs.                                :
                                       :    1:12 - cv - 3359 - TWT
THE GREAT AMERICAN DREAM, INC.         :
d/b/a PIN UPS, and                     :
JAMES W. LEE, SR.,                     :
     Defendants.                       :

DEFENDANT GREAT AMERICAN DREAM, INC.'s SECOND INTERROGATORIES
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
SECOND REQUEST FOR ADMISSIONS TO OPT-IN PLAINTIFFS

To:    Opt-In Plaintiffs c/o Their Attorney-Of-Record:

    Defendant, The Great American Dream, Inc. ("GAD") (inaccurately described in the

Complaint as "d/b/a Pin Ups"), pursuant to Fed. R. Civ. P. 33, 34, 36 submits herewith to the

Opt-In Plaintiffs herein ("Plaintiffs"), for response within thirty (30) days after service hereof in

the form provided by law, the following Second Interrogatories, Second Request For Production

Of Documents, Second Request For Admissions To Opt-In Plaintiffs. The Interrogatories and

Request For Production Of Documents are continuing, requiring a supplemental response upon

the discovery of other or further information or documents affecting Plaintiffs' responses hereto.

INSTRUCTIONS

A.     Each Interrogatory shall be construed to include information within each opt-in Plaintiff's' knowledge, possession, or control as of the date of its answer to these Interrogatories and any supplemental information, knowledge, data, documents, or communications responsive to these Interrogatories which is subsequently generated, obtained or discovered.

B.     If the response to any Interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(1)     Provide such information as can be ascertained without undue burden;

(2)     State with particularity the basis for such objection, including:

(a)     A description of the process or method required to obtain any fact responsive to the Interrogatory; and

(b)     The estimated cost and time required to obtain any fact responsive to the Interrogatory.

(3)     Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the Interrogatory can be obtained; and

(4)     State whether documents or other sources will be made available for inspection and copying.

C.     If you claim a privilege as grounds for not fully answering any Interrogatory, describe the factual basis for your claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If the claim of privilege relates to identification of a document, also state the date the document was prepared, the author, the addressee, and the subject matter.

2

DEFINITIONS

As used in these Interrogatories, the following terms include the meanings set forth below:

A.    The term ""Opt-In Plaintiff" or "you" refers to each individual person executing a document entitled "Consent Form" filed with the Court in the above-referenced matter.

B.    The terms "Opt-In Plaintiff" or "you" or any synonyms thereof, are intended to and shall embrace and include in addition to said Opt In Plaintiff, all agents, servants, representatives, private investigators, or agents of any company or corporation retained or employed by Plaintiffs in any manner which may relate to the facts and events which are the subject of the instant litigation.

C.    The term "document" means any record of any kind, whether written, graphic, pictorial, photographic, phonographic, mechanical, taped, electronic, or otherwise, and every non-identical copy, now or formerly in Plaintiff's custody or control. Different versions of the same documents, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of the term used. In case originals or original non-identical copies are not available, "document" includes copies of originals or copies of non-identical copies, as they may be.

D.    The term "identify" has the following meanings:

(1)    When used in reference to a person, it means to state the full name, the last known residence, name of employer, business address and business telephone number, the length of service with employer, and a job description for each position while employed. If such person is no longer employed, state when that person left, why that person left, where that person can now

3

be found, the name of each person who served as a supervisor, and the position that supervisor held.

(2)     When used in reference to corporation, it means to state the full name of the corporation, and the address and telephone number of its principal place of business.

(3)     When used in reference to a document, it means to state the type of document (e.g., letter, telegram, magnetic tape, chart, etc.), describing it sufficiently for purposes of a request to produce or subpoena duces tecum, including its substance, its author or originator, and location and custodian. In lieu of identification of a document, the document may be made available for inspection and copying. If any such document was, but is no longer in your possession, state what disposition was made of it.

(4)     When used in reference to a communication, it means:

(a)     If such communication was oral, to identify the person speaking and the person spoken to; and

(b)     State the date and place of the communication and its substance, and if such communication was contained in a document, identify the document.

E.     The term "communication" shall mean a transmittal of information, or request for information, by document or otherwise, and includes any conversation in person, by telephone, or by any other means, as well as any utterance heard by another person whether in person, by telephone, or otherwise.

F.     The term "person" means an individual, corporation, partnership, proprietorship, professional corporation, association, group, governmental, local government, political subdivision, or any other legal entity of any kind.

4

G.     The term "relate to" means bearing on, referring to, or addressing in whole or in part that subject.

H.     The terms "and" / "or" as used herein have both conjunctive and disjunctive meanings.

I.     The term "any" as used herein means each and every, as well as "any one."

J.     The term "state" means to provide a detailed factual basis to support the answer articulated and to identify all persons who have knowledge of, or documents or communications which relate to, the answer provided.

K.     The term "criticism" means an expression of fault.

L.     The term "disapproval" means an unfavorable opinion or judgment.

M.     The term "dissatisfaction" means displeasure or discontent.

N.     "Pin Ups" means the Pin Ups Nightclub located at 2788 Ponce de Leon Avenue, Decatur, Georgia 30030.

O.     "Pin Ups Management" means anyone whom you understood to have the power to affect any terms or conditions of work you performed at Pin Ups.

## INTERROGATORIES:

1.     State the number of dances you typically performed for customers at Pin Ups in one hour.

2.     State the highest number of dances you performed for customers at Pin Ups in one hour.

3.     State the fewest number of dances you performed for customers at Pin Ups in one hour.

4.     If, alone or with others, you have filed for bankruptcy during the period commencing January 1, 2009 to the present, state the court and case number of the bankruptcy case and identify all documents filed by you or on your behalf in the bankruptcy case.

## REQUEST FOR DOCUMENTS:

1.      Produce all documents identified in your response to Defendant's Second Interrogatories to you.

## REQUEST TO ADMIT:

1.      Admit that you performed dances for customers at Pin Ups.

2.      Admit that customers at Pin Ups were required to pay you a minimum of $5.00 for each dance that you performed for that customer.

3.      Admit that during the time you worked at Pin Ups, Pin Ups had an area known as the VIP Room.

4.      Admit that you performed dances for customers in the VIP Room.

5.      Admit that with respect to dances you performed for customers in the VIP Room, the actual amount of money you received was subject to agreement between yourself and the customer.

## PLEASE NOTE:

In the event that any of the items are not produced under the claim that they were produced or are protected under a claim of "prepared in anticipated of litigation" please provide the Second (earliest) date that you determined litigation would be necessary.

Submitted this 18th day of April, 2014.

_____
Kenneth I. Sokolov

Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328.4834

404.261.0500 Tel / 404.261.6779 Fax
kis@wjrlaw.com
Attorneys For Defendants:
The Great American Dream, Inc. & James W. Lee, Sr.

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the following individual(s) with the foregoing Defendant Great American Dream, Inc.'s Second Interrogatories, Second Request For Production Of Documents, Second Request For Admissions To Opt-In Plaintiffs by depositing a copy of same in the United States Mail with sufficient postage affixed thereon and addressed as follows:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.5297Tel / 678.242.5201Fax
paul@sharman-law.com

Submitted this 18th day of April, 2014.

_____
Kenneth I. Sokolov

7

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON,                    :
ELISHA HUNTER,                          :
Individually and on behalf of others    :
similarly situated,                     :
    Plaintiffs,                        :
                                       :       CIVIL ACTION FILE NO.
    vs.                                :
                                       :       1:12 - cv - 3359 - TWT
THE GREAT AMERICAN DREAM, INC.  :
d/b/a PINUPS, and                       :
JAMES W. LEE, SR.,                      :
    Defendants.                        :

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

COMES NOW The Great American Dream, Inc., Defendant ("GAD") in the above-referenced action and pursuant to Uniform State Court Rule 5.2, hereby certifies that it served "Second Interrogatories, Second Request For Production Of Documents, And Second Request For Admissions To Opt-In Plaintiffs" via regular mail, upon the attorney(s) listed herein on the attached Certificate Of Service.

1

So certified this 18th day of April, 2014.

/s/Kenneth I. Sokolov

Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle, Suite 300
Atlanta, Georgia 30328.4834
404.261.0500 Tel / 404.261.6779 Fax
kis@wjrlaw.com
Attorneys For Defendants:
The Great American Dream, Inc.
James W. Lee, Sr.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa.

s/Kenneth I. Sokolov
Georgia Bar No. 666460

## CERTIFICATE OF SERVICE

This shall certify that I have this date served all parties to the foregoing matter with copies of the within Certificate Of Service Of Discovery Materials with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.5297 Tel / 678.242.5201 Fax

paul@sharman-law.com

Submitted this 18th day of April, 2014.

/s/Kenneth I. Sokolov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EXHIBIT "  "

| | | |
|---|---|---|
| MARTISHA STEVENSON, ELISHA HUNTER, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| | ) ) | 1:12-CV-3359-TWT |
| THE GREAT AMERICAN DREAM, INC. d/b/a PIN UPS NIGHTCLUB, and JAMES W. LEE, SR., | ) ) ) ) | |
| | ) ) | |
| Defendants. | ) | JURY TRIAL REQUESTED |

## OPT-IN PLAINTIFFS' RESPONSE TO DEFENDANTS' INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS TO ADMIT

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil

Procedure, Opt-In Plaintiffs submit the following objections and responses to

Defendants' Interrogatories, Requests for Production of Documents and Requests

to Admit:

### GENERAL OBJECTIONS

The following General Objections apply to every paragraph of Defendants'

Interrogatories, Requests for Production of Documents and Requests to Admit to

Opt-In Plaintiffs:

1.     Plaintiffs object to every interrogatory, request for production of documents and request to admit that calls for privileged information, including, without limitation, information protected by the attorney-client privilege.

2.     Plaintiffs object to every interrogatory, request for production of documents and request to admit that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Defendants.

3.     Plaintiffs object to every interrogatory, request for production of documents and request to admit that calls for the production of any information containing or reflecting the mental impressions, conclusions,  opinions and/or legal theories of any attorney for Plaintiff, on the grounds that such information is protected by the attorney work product doctrine.

4.     Plaintiffs object to every interrogatory, request for production of documents and request to admit that is overly broad, unduly burdensome, harassing, and duplicative or which requests documents which are already in the possession of Defendants.

5.     Plaintiffs object to every interrogatory, request for production of documents and request to admit that calls for information which is neither relevant to the subject matter of the pending Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Complaint.

6. Plaintiffs object to every interrogatory, request for production of documents and request to admit, and to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules.

### March 12, 2014 Discovery Requests

### RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing General Objections, Opt-In Plaintiffs respond to Defendants' specific Interrogatories as follows:

1.

State your full name and any stage name, alias or adopted name which you have used or which you have recognized or adopted since 2009.

**RESPONSE:**

The attached spreadsheet contains full names and stage names used since 2009 for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

2.

State your social security number and any social security number you have

used or any social security number assigned to you from 2009 to the present.

**RESPONSE:**

Opt-In Plaintiffs will produce this information for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information upon Defendants' consent to a protective order regarding this information.

3.

Identify the dates on which you worked at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving such objection, opt-in Plaintiffs will agree to produce responses indicating approximate dates worked at Pin Ups from January 2010 until present. The attached spreadsheet contains approximate dates worked at Pin Ups since January 2010 for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

4.

State the total number of hours you worked at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly

broad and unduly burdensome.  Without waiving such objection, opt-in Plaintiffs

agree to produce responses indicating approximate hours worked at Pin Ups from

January 2010 until present.  The attached spreadsheet contains approximate hours

worked at Pin Ups since January 2010 for all opt-in Plaintiffs who have

responded to Plaintiff's counsel's request for this information as of the date of

this response.  Plaintiff's counsel continues to seek this information for the

remaining opt-in Plaintiffs and will update these responses accordingly.

5.

State the amount of money you received from work you performed at Pin

Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is

irrelevant, overly broad and unduly burdensome.  Without waiving such

objection, opt-in Plaintiffs agree to produce responses indicating estimated

approximate tips received per shift.  The attached spreadsheet contains estimated

approximate tips received per shift for all opt-in Plaintiffs who have responded to

Plaintiff's counsel's request for this information as of the date of this response.

Plaintiff's counsel continues to seek this information for the remaining opt-in

Plaintiffs and will update these responses accordingly.

6.

State the amount of money you were required to pay to Pin Ups during each shift you worked at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving such objection, opt-in Plaintiffs agree to produce responses indicating estimated approximate amounts of fees and fines paid to Pin Ups per shift. The attached spreadsheet contains estimated approximate amounts of fees and fines paid to Pin Ups per shift for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

7.

Identify all documents in your possession, custody or control, evidencing, referring or relating to any work you performed at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving such objection, opt-in Plaintiffs agree to produce documents (if any) in their possession, custody and control

responsive to this interrogatory.  The attached spreadsheet contains a description of the documents (if any) provided by each opt-in Plaintiff who has responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

8.

Identify all documents in your possession, custody or control, evidencing, referring or relating to any money paid to you in exchange for work you performed at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Without waiving such objection, opt-in Plaintiffs state that they have no such documents in their possession, control or custody.

9.

Identify each and every position of remunerative employment you have held in each of the years 2009 through 2012.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome and irrelevant.  This Court has previously decided that Plaintiffs and by extension, opt-in Plaintiffs, are/were employees of Pin Ups

7

(Doc. 81), regardless of any other positions they may have held as employees or independent contractors. Thus, any other positions of remunerative employment held by opt-in Plaintiffs while they also worked at Pin Ups are irrelevant to any issues remaining to be resolved in this case.

10.

State the total amount of money you earned from all sources in each of the years 2009 through 2012.

**RESPONSE:**

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome and irrelevant. This Court has previously decided that Plaintiffs and by extension, opt-in Plaintiffs, are/were employees of Pin Ups (Doc. 81), regardless of any other money they may have earned from other sources. Thus, the total amount of money earned by opt-in Plaintiffs from all sources while they also worked at Pin Ups is irrelevant to any issues remaining to be resolved in this case.

## RESPONSES TO REQUESTS FOR DOCUMENTS

Subject to and without waiver of the foregoing General Objections, Opt-In Plaintiffs respond to Defendants' specific Requests for Production of Documents as follows:

1.

Produce any and all adult entertainment licenses issued to you from 2009 through 2012.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome.  Without waiving such objection, opt-in Plaintiffs agree to produce copies of any adult entertainment licenses in their possession, custody or control for years that they worked at Pin Ups.  The attached spreadsheet contains information as to whether these copies exist for opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly. Documents responsive to this request are included in a secure document folder, for which a link has been provided to Defense counsel along with these responses.

2.

Produce any application you submitted for an adult entertainment license from 2009 through 2012.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the grounds that it is irrelevant, overly broad and unduly burdensome. Without waiving such objection, opt-in Plaintiffs agree to produce copies of any applications submitted for adult entertainment licenses in their possession, custody or control for years that they worked at Pin Ups. The attached spreadsheet contains information as to whether these copies exist for opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly. Documents responsive to this request are included in a secure document folder, for which a link has been provided to Defense counsel along with these responses.

3.

Produce all documents identified in your response to Defendant's Interrogatories to you.

**RESPONSE:**

The attached spreadsheet contains a description of the documents (if any)

10

provided by each opt-in Plaintiff who has responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly. Documents responsive to this request are included in a secure document folder, for which a link has been provided to Defense counsel along with these responses.

4.

Produce documents constituting tax returns you have filed with any state or federal government for any year in which you worked at Pin Ups, beginning in 2009.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the grounds that it is unduly burdensome and irrelevant. This Court has previously decided that Plaintiffs and by extension, opt-in Plaintiffs, are/were employees of Pin Ups (Doc. 81. Thus, the tax returns of opt-in Plaintiffs are irrelevant to any issues remaining to be resolved in this case.

5.

Produce all documents evidencing, referring or relating to your computation of hours that you worked at Pin Ups.

**RESPONSE:**

11

Opt-in Plaintiffs object to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Without waiving such objection, opt-in Plaintiffs state that they have no such documents in their possession, control or custody. Pin Ups is more likely to have this information based on sign-in and sign-out sheets maintained by Pin Ups.

## RESPONSES TO REQUESTS TO ADMIT

Subject to and without waiver of the foregoing General Objections, Opt-In Plaintiffs respond to Defendants' specific Requests to Admit as follows:

1.

Admit that in exchange for work you performed at Pin Ups you received money from customers of Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

2.

Admit that Pin Ups customers paid you in cash.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

3.

Admit that Pin Ups Management did not require you to tell them how much money you had received as a result of work you performed at Pin Ups.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

4.

Admit that you did not tell Pin Ups Management the amount of money you received from Pin Ups' customers.

13

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

5.

Admit that the amount of money you received from work you performed at Pin Ups is greater than the number of hours you worked at Pin Ups multiplied by $7.25.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

**April 18, 2014 Discovery Requests**

**RESPONSES TO INTERROGATORIES**

Subject to and without waiver of the foregoing General Objections, Opt-In

Plaintiffs respond to Defendants' specific Interrogatories as follows:

1.

State the number of dances you typically performed for customers at Pin

Ups in one hour.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant.

Without waiving such objection, the attached spreadsheet contains a response to

this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's

request for this information as of the date of this response.  Plaintiff's counsel

continues to seek this information for the remaining opt-in Plaintiffs and will

update these responses accordingly.

2.

State the highest number of dances you performed for customers at Pin Ups

in one hour.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant.

Without waiving such objection, the attached spreadsheet contains a response to

this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

3.

State the fewest number of dances you performed for customers at Pin Ups in one hour.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

4.

If, alone or with others, you have filed for bankruptcy during the period commencing January 1, 2009 to the present, state the court and case number of the bankruptcy case and identify all documents filed by you or on your behalf in the bankruptcy case.

**RESPONSE:**

The attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

In further response to this interrogatory, the following opt-in Plaintiffs have responded that they have filed for bankruptcy protection since 2009.

Carletta Eaton – Dismissed in March 2012, prior to filing opt-in consent.

Amber Jefferson – Opted in on November 4, 2013. Filed for Ch. 13 bankruptcy protection on December 16, 2013. Case dismissed on March 26, 2014.

Brittney Odoms – Discharged in February 2013, prior to filing opt-in consent.

Tamika Wyatt – Discharged in May 2013, prior to filing opt-in consent.

## RESPONSES TO REQUEST FOR DOCUMENTS

Subject to and without waiver of the foregoing General Objections, Opt-In Plaintiffs respond to Defendants' specific Request for Production of Documents as follows:

1.

Produce all documents identified in your response to Defendant's Second Interrogatories to you.

**RESPONSE:**

The attached spreadsheet contains a description of the documents (if any) provided by each opt-in Plaintiff who has responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly. Documents responsive to this request are included in a secure document folder, for which a link has been provided to Defense counsel along with these responses.

## RESPONSES TO REQUESTS TO ADMIT

Subject to and without waiver of the foregoing General Objections, Opt-In Plaintiffs respond to Defendants' specific Requests to Admit as follows:

1.

Admit that you performed dances for customers at Pin Ups.

**RESPONSE:**

The attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response. Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

2.

Admit that customers at Pin Ups were required to pay you a minimum of

$5.00 for each dance that you performed for that customer.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

3.

Admit that during the time you worked at Pin Ups, Pin Ups had an area known as the VIP Room.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant. Without waiving such objection, the attached spreadsheet contains a response to this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's request for this information as of the date of this response.  Plaintiff's counsel continues to seek this information for the remaining opt-in Plaintiffs and will update these responses accordingly.

4.

Admit that you performed dances for customers in the VIP Room.

19

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant.
Without waiving such objection, the attached spreadsheet contains a response to
this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's
request for this information as of the date of this response.  Plaintiff's counsel
continues to seek this information for the remaining opt-in Plaintiffs and will
update these responses accordingly.

5.

Admit that with respect to dances you performed for customers in the VIP
Room, the actual amount of money you received was subject to agreement
between yourself and the customer.

**RESPONSE:**

Opt-in Plaintiffs object to this request on the ground that it is irrelevant.
Without waiving such objection, the attached spreadsheet contains a response to
this request for all opt-in Plaintiffs who have responded to Plaintiff's counsel's
request for this information as of the date of this response.  Plaintiff's counsel
continues to seek this information for the remaining opt-in Plaintiffs and will
update these responses accordingly.

Paul J. Sharman
Georgia Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022
(678) 242-5297
paul@sharman-law.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | ) | |
| ELISHA HUNTER, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated | ) | |
| | ) | Case No. 1:11-CV-03359-TWT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE GREAT AMERICAN DREAM, INC. | ) | |
| d/b/a PINUPS and JAMES W. LEE, SR., | | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

This is to certify that **Plaintiff's Responses to Opt-In Plaintiffs Discovery**

**Requests** were shared via email and secure folder with:

Kenneth I. Sokolov, Esq.
Wagner Johnston & Rosenthal PC
5855 Sandy Springs Cir NE Ste 300
Atlanta, GA 30328
Office: 404-261-0500
kis@wjrlaw.com

Dated:  This 8th day of September, 2014.

/s/ Paul J. Sharman
Paul J. Sharman
Georgia Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022

(678) 242-5297
paul@sharman-law.com

Attorney for Plaintiff

EXHIBIT "E"

OPT-IN PLAINTIFFS FAILING TO RESPOND TO
INTERROGATORIES, REQUESTS FOR ADMISSION,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Anthony, Mia

Banks, Sylver

Blount, Michelle

Brown, Michelle

Clemons, Sequoia

Davis, Crystal

Davis, Latasha

Days, Andrea

Duke, Amanda

Edmonds, Shadawn

Fleming, Rayna

Foster, Robin

Galimore, Tiawanda

Hagans, Taylor

Hanes, Kadine

Hayes, Sharri

Hoskins, Kadine

Hughes, Tara

Johnson, Kamil

Jones, Danielle

Keel, Nicole

King, Taneisha

McCier, Taliah

Meiguez, Jayda

Morgan, Akisha

Overstreet, Calvinette

Reynolds, Diamando

Richardson, Joy

Sales, Summer

Sidney, Tasherra

Simmons, Raffinee

Sowells, Tara

Spearman, Mondrena

Varner, Ashley

Watson, Casey

Williams, Otikah

Williams, Saquena Delon

Wimbush, Vanessa

EXHIBIT "F"

OPT-IN PLAINTIFFS FAILING TO SUPPLY
VERIFICATION IN RESPONSE TO INTERROGATORIES

Allen, Nicole

Anderson, Dum-a-nagan

Anthony, Mia

Banks, Sylver

Blount, Michelle

Bomar-Dioum, Ronita

Brown-Southern, Danisha

Brown, Kristen

Brown, Undrea

Bussey, Kayrida

Clark, Laura

Clemons, Sequoia

Curry, Keosha

Daniels, Saidah

Davis, Crystal

Davis, Latasha

Davis, Sidnei

Days, Andrea

Dennis, Janice

Duke, Amanda

Farmer, Felincia

Fleming, Rayna

Fletcher, Crystal

Ford, Jacqueline

Foster, Robin

Fullwood, Demesha

Galimore, Tiawanda

Gayle, Celine

Goodrum, Felicia

Hagans, Taylor

Hanes, Kadine

2

Hanna, Christen

Harris, Sonseareah

Hayes, Sharri S.

Hoskins, Donnisha

House, Merideth L.

Hughes, Tara

Johnson, Angela

Johnson, Crystal

Johnson, Kamil

Johnson, Nicole (not on list)

Jones, Danielle

Jones, Franisha

Keel, Nicole

King, Taneisha

Lee, India

Martin, Joehaneisie

McAlister, Tiffany

3

McCier, Taliah

McWhorter, Latasha

Meiguez, Jada

Monfort, Nikita

Morgan, Akisha

Odoms, Brittney

Overstreet, Calvinette

Parham, Larmarcher

Parker, Jammie

Revell, Danyelle

Reynolds, Diamando

Richardson, J. Vanessa

Robinson, Shakira

Sales, Summer

Scandrett, Jaqueline

Sidney, Tasherra

Simmons, Raffinee

4

Smith, Cecily

Sowells, Tara

Spearman, Mondrena

St. John, Nikki

Thomas, Sabrina

Thorpe, Brykelas

Varner, Ashley

Wallace, Joy

Watson, Casey Marie

Williams, Dellareese

Williams, Eulalia

Williams, Otikah

Williams, Saquena Delon

Wimbush, Vanessa

Woodward, Elentrice

Wright, Brandy

Wright, Kiera

Wyatt, Tamika

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NAGA.

s/Kenneth I. Sokolov
Georgia Bar No. 666460

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2014, I electronically filed the foregoing Defendant The Great American Dream d/b/a Pin Ups Nightclub and James W. Lee, Sr.'s Motion To Decertify Or To Amend Conditional Class with the Clerk of Court using the CM/E.C. system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
678.242.5297 Tel
678.242.5201 Fax
paul@sharman-law.com

This 8th day of October, 2014 .

/s/Kenneth I. Sokolov