IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON
Individually and on behalf of others
similarly situated, et al.,

    Plaintiffs,

      v.

THE GREAT AMERICAN DREAM,
INC. doing business as
Pinups, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3359-TWT

## OPINION AND ORDER

This is an FLSA minimum wage and overtime case. It is before the Court on the

Defendants James W. Lee, Sr. and The Great American Dream, Inc.'s Motion for

Partial Summary Judgment [Doc. 126]. For the reasons set forth below, the

Defendants' Motion for Partial Summary Judgment [Doc. 126] is GRANTED.

### I. Background

The Plaintiffs – current and former adult entertainers at Pin Ups Nightclub –

brought suit alleging that they were entitled to minimum wage and overtime

compensation under the FLSA. In particular, the Plaintiffs claimed that they were

improperly classified as "independent contractors," rather than "employees," and so

were wrongfully deprived of certain benefits mandated by the FLSA. On December 17, 2012, they moved for conditional certification of a collective action class,[1] which was granted on August 14, 2013.[2] On September 11, 2013, the Plaintiffs moved for partial summary judgment on the issue of whether the entertainers were "employees" under the FLSA.[3] The Court granted the Plaintiffs' motion for partial summary judgment on December 31, 2013.[4]

The Defendants James W. Lee, Sr. and The Great American Dream, Inc. ("GAD") now move for partial summary judgment on two issues. First, the Defendants argue that there is no genuine issue of fact concerning whether James W. Lee, Sr. – President of GAD – may be personally liable to the Plaintiffs under the FLSA. Second, the Defendants also argue that there is no genuine issue of fact concerning whether the alleged FLSA violations were willful or committed in good faith.

---

[1]    [Doc. 15].

[2]    [Doc. 50].

[3]    [Doc. 53].

[4]    [Doc. 81].

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[5] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[6] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[7] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[8] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[9]

---

[5]   Fed. R. Civ. P. 56(c).

[6]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[7]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[8]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[9]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

## III. Discussion

### A. James W. Lee, Sr.'s Liability

Lee – the President of GAD, which in turn owns Pin Ups – claims that he may not be individually liable for the FLSA violations alleged by the Plaintiffs. An officer "cannot be held individually liable for violating the . . . [provisions] of the FLSA unless he is an 'employer' within the meaning of the Act."[10] To be considered an "employer" under the FLSA, "an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."[11]

Here, Lee is not an "employer" under the FLSA, and so he is not liable to the Plaintiffs for the alleged FLSA violations. To be sure, from 1993 until 2010, Pin Ups was managed by General Manager Terry Stephenson.[12] Stephenson had day-to-day control over the operations of Pin Ups, which included "matters pertaining to the work and compensation" of the entertainers.[13] Kelly Campbell then performed these duties from 2010 to 2012, when Cary Adams took over as Chief Operating Officer.[14] Lee

---

[10]    Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).

[11]    Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986).

[12]    Lee Aff. ¶ 6.

[13]    Lee Aff. ¶ 7.

[14]    Lee Aff. ¶¶ 6, 10.

testified that he "never had any involvement in the day-to-day operations of Pin Ups."[15] Lee further testified that he has "never had any involvement of any kind with regard to the terms and conditions of work performed by" the entertainers,[16] and that he never supervised them.[17] He played no role in the hiring decisions[18] nor did he play any role in forming the regulations governing the entertainers' conduct during their shifts.[19] Based on these undisputed facts, it is clear that Lee was not involved in the day-to-day operations of Pin Ups and did not have direct responsibility for the supervision of the entertainers. Consequently, Lee is not an "employer" under the FLSA.

In response, the Plaintiffs first argue that Lee, as the President, possessed supervisory authority.[20] But that does not mean he *exercised* such authority, and the Eleventh Circuit has made clear that "unexercised authority is insufficient to establish liability as an employer."[21] The Plaintiffs then argue that Lee admitted he made the

---

[15]     Lee Aff. ¶ 11.

[16]     Lee Aff. ¶ 9.

[17]     Lee Aff. ¶ 11.

[18]     Lee Aff. ¶ 14.

[19]     Lee Aff. ¶ 9.

[20]     Pls.' Br. in Resp. to Defs.' Mot. for Partial Summ. J., at 2.

[21]     Alvarez Perez, 515 F.3d at 1161.

decision to classify the Plaintiffs as "independent contractors."[22] But the evidence cited by the Plaintiffs – paragraph four of Lee's Affidavit – does not support this assertion. Indeed, paragraph four of Lee's Affidavit merely states that GAD "opened for business July 4, 1993."[23] Accordingly, the Defendants' Motion for Partial Summary Judgment, insofar as it applies to claims brought against Lee individually, should be granted.

### B. Willfulness and Good Faith

The Defendants move for summary judgment on two related issues. First, the Defendants assert that there is no genuine issue of fact concerning whether they *willfully* committed the alleged FLSA violations. Although "the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising out of a *willful* violation of the FLSA may be commenced within three years after the cause of action accrued."[24] A violation is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."[25] The "burden rests with the employee to prove by a preponderance of the

---

[22]   Pls.' Br. in Resp. to Defs.' Mot. for Partial Summ. J., at 2.

[23]   Lee Aff. ¶ 4.

[24]   Allen v. Board of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1323 (11th Cir. 2007) (citing 29 U.S.C. § 255(a)) (emphasis added).

[25]   McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

evidence that her employer acted willfully."[26] Second, the Defendants assert that there is no genuine issue of fact concerning whether they committed the alleged FLSA violations in *good faith*. Parties "who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith."[27] To "establish its good faith, [an employer] must prove both that it acted with a good faith belief that its procedures did not violate the law [subjective component] and that it had reasonable grounds for believing this [objective component]."[28] The employer "bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages."[29] In assessing both of these issues – willfulness and good faith – the Court is "answer[ing] what is essentially the same question for two different purposes."[30]

Here, given the Plaintiffs' failure to submit any evidence on the issue, GAD is entitled to judgment as a matter of law on the issue of whether it committed the

---

[26]    Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (internal quotation marks omitted).

[27]    Ojeda-Sanchez v. Bland Farms, LLC, 499 Fed. Appx. 897, 902 (11th Cir. 2012); see also 29 U.S.C. § 260.

[28]    Ojeda-Sanchez, 499 Fed. Appx. at 903; see also 29 U.S.C. § 260.

[29]    Alvarez Perez, 515 F.3d at 1163.

[30]    Id. at 1162.

alleged FLSA violations in good faith. To begin, based on the undisputed facts, it is clear that GAD believed, in good faith, that its compensation structure was consistent with the FLSA. Generally, "[t]o satisfy the subjective 'good faith' component, the [employer has the burden of proving] that [it] had an honest intention to ascertain what [the Act] requires and to act in accordance with it."[31] In making its decision to classify the dancers as independent contractors, GAD "relied upon the advice of accountants, consultants, including wage and hour experts, attorneys, and business manager(s)."[32]

Additionally, GAD's evidence also supports the conclusion that its belief was reasonable. According to Lee, classifying adult entertainers as "independent contractors" – with their compensation coming exclusively from tips – has been the industry standard for decades,[33] and "an employer's reliance on industry practice may be relevant to a willfulness or good faith inquiry."[34] Moreover, as the Court noted in

---

[31]    Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991) (internal quotation marks omitted).

[32]    Lee Aff. ¶ 5.

[33]    Lee Aff. ¶¶ 19, 26. And to be clear, the Eleventh Circuit has stated that "officers" may "testify as lay witnesses about the reasonableness of their corporation's pricing in light of industry standards" under Rule 701 of the Federal Rules of Evidence. United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011).

[34]    Wajcman v. Investment Corp. of Palm Beach, 620 F. Supp. 2d 1353, 1361 (S.D. Fla. 2009). However, the Court acknowledges that conforming to an

its Order ruling that the Plaintiffs are "employees" under the FLSA, the test for determining employee-status "is not one which allows for a simple resolution of close cases."[35] Because the FLSA does not provide a clear definition of "employee," courts must utilize a multi-factor balancing test.[36] Consequently, given the amorphous nature of the term "employee," the Court is reluctant to conclude that GAD's belief – that the entertainers were not "employees" under the FLSA – was objectively unreasonable. In response, the Plaintiffs make one argument: that there are contradictions in Lee's Affidavit.[37] But the Plaintiffs never point out what those contradictions are, and how they demonstrate that the alleged FLSA violations were not committed in good faith. Accordingly, GAD is entitled to summary judgment on the issue of whether it acted in good faith. Consequently, it follows that GAD is also entitled to summary judgment on the willfulness issue.

---

industry standard, in itself, is often not enough to establish objective reasonableness. See id.

[35]    Usery v. Pilgrim Equip. Co., 527 F.2d 1308, 1311 (5th Cir. 1976).

[36]    See Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359-TWT, 2013 WL 6880921, at *2-3 (N.D. Ga. Dec. 31, 2013).

[37]    Pls.' Br. in Resp. to Defs.' Mot. for Partial Summ. J., at 5.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Motion for Partial

Summary Judgment [Doc. 126].

SO ORDERED, this 14 day of May, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge