IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARTISHA STEVENSON
Individually and on behalf of others
similarly situated, et al.,

   Plaintiffs,

    v.

THE GREAT AMERICAN DREAM,
INC. doing business as
Pinups, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3359-TWT

**OPINION AND ORDER**

This is an FLSA overtime case. It is before the Court on the Defendants James W. Lee, Sr. and The Great American Dream, Inc.'s Motion to Decertify or to Amend the Conditional Class [Doc. 127], the Plaintiffs' Motion to Strike the Affidavit of James W. Lee, Sr. [Doc. 130], and the Plaintiffs' Motion to Strike the Defendants' Request for Attorneys' Fees in their Reply Brief [Doc. 132]. For the reasons set forth below, the Defendants' Motion to Decertify or to Amend the Conditional Class [Doc. 127] is DENIED, the Plaintiffs' Motion to Strike the Affidavit of James W. Lee, Sr. [Doc. 130] is DENIED, and the Plaintiffs' Motion to Strike the Defendants' Request for Attorneys' Fees in their Reply Brief [Doc. 132] is DENIED as moot.

T:\ORDERS\12\Stevenson\mtdkvc2twt.wpd

## I. Background

The Plaintiffs – current and former adult entertainers at Pin Ups Nightclub – brought suit alleging that they were entitled to minimum wage and overtime compensation under the FLSA. In particular, the Plaintiffs claimed that they were improperly classified as "independent contractors," rather than "employees," and so they were wrongfully deprived of certain benefits mandated by the FLSA. On December 17, 2012, they moved for conditional certification of a collective action class,[1] which was granted on August 14, 2013.[2] On September 11, 2013, the Plaintiffs moved for partial summary judgment on the issue of whether the entertainers were "employees" under the FLSA.[3] The Court granted the Plaintiffs' motion for partial summary judgment on December 31, 2013.[4]

The final opt-in Plaintiff consent form was filed on February 4, 2014.[5] On March 12, 2014, the Defendants served Plaintiffs' counsel with its "First Interrogatories, First Request for Production Of Documents, And First Request for

---

[1]   [Doc. 15].

[2]   [Doc. 50].

[3]   [Doc. 53].

[4]   [Doc. 81].

[5]   [Doc. 88].

Admissions To Opt-In Plaintiff."[6] Then on April 18, 2014, the Defendants served Plaintiffs' counsel with its "Second Interrogatories, Second Request for Production Of Documents, And Second Request for Admissions To Opt-In Plaintiffs."[7] On September 8, 2014, the discovery period for this case ended.[8] The Defendants now argue that multiple opt-in Plaintiffs have either failed to provide verified discovery responses, or have failed to respond altogether. The Defendants ask the Court to either dismiss the claims of these opt-in Plaintiffs, or to set a firm deadline by which they must provide adequate responses to the Defendants' discovery requests.

## II. Discussion

### A. Motion to Decertify or Amend the Collective Action Class

Although the Defendants frame their motion as one for decertification or an amendment to the collective action class, in reality it is simply a motion for the Court to impose sanctions against certain Plaintiffs – e.g., dismissal of their claims – for failure to comply with discovery requests. Federal Rule of Civil Procedure 37(b)(2) "authorizes a district court to dismiss an action if a party 'fails to obey an order to

---

[6]   [Doc. 105].

[7]   [Doc. 112].

[8]   [Doc. 122].

provide or permit discovery.'"[9] Because "dismissal with prejudice is considered a drastic sanction, a district court may only implement it . . . when: (1) a party's failure to comply . . . is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice."[10] Dismissal "is justified *only* in extreme circumstances and as a last resort."[11]

Here, the Defendants, in their initial Brief, offer a less extreme alternative to dismissal: "non-responding Opt-In Plaintiffs . . . should be dismissed from the Conditional Class *or in the alternative*, given a definite time frame in which to furnish verified responses, absent timely compliance with which they should be dropped from the class."[12] In their Response Brief, the Plaintiffs do not dispute that a definite time frame would be a fair remedy for non-responsive opt-in Plaintiffs.[13]

---

[9] Welch v. Comcar Indus., 139 Fed. Appx. 138, 139 (11th Cir. 2005) (quoting Fed.R.Civ.P. 37(b)(2)).

[10] Shortz v. City of Tuskegee, Ala., 352 Fed. Appx. 355, 359 (11th Cir. 2009).

[11] Wouters v. Martin Cnty., Fla., 9 F.3d 924, 933 (11th Cir. 1993) (emphasis added).

[12] Defs.' Mot. to Amend Class, at 5 (emphasis added).

[13] Pls.' Br. in Resp. to Defs.' Mot. to Amend Class, at 4-5 ("[T]he named Plaintiffs and all opt-in Plaintiffs respectfully request that this Court deny Defendants' motion to decertify the collective action, enter an order to show cause, and provide an additional window of 60 days for the remaining opt-in Plaintiffs to respond to the discovery requests and provide verifications.").

In their Reply Brief, however, the Defendants argue – for the first time – that dismissal with prejudice is necessary. They argue that the non-responsive opt-in Plaintiffs willfully disregarded the discovery requests, and that a lesser sanction would be "futile." In support, the Defendants simply refer to the fact that these opt-in Plaintiffs have thus far failed to respond. They submit no other evidence indicating that this failure was willful, or that a firm deadline would be "futile." Given that dismissal "is the most severe Rule 37 sanction and is not favored,"[14] the Court – at least for now – will not dismiss these opt-in Plaintiffs from this action. The non-responsive opt-in Plaintiffs will be given thirty (30) days from the entry of this Order to respond to the Defendants' discovery requests. Any opt-in Plaintiff that fails to respond within this time frame, without good cause, will be dismissed from this action.[15]

---

[14] Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).

[15] The Defendants also argue in their Reply Brief – again, for the first time – that they are entitled to attorneys' fees in the event that the Court imposes a firm deadline in lieu of dismissing the non-responsive opt-in Plaintiffs. However, "[p]arties cannot raise new issues in reply briefs." United States v. Krasnow, 484 Fed. Appx. 427, 429 (11th Cir. 2012); see also International Telecommunications Exch. Corp. v. MCI Telecommunications Corp., 892 F. Supp. 1520, 1531 (N.D. Ga. 1995) (stating that when a party raises new arguments in a Reply Brief, "the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument."). The Defendants could have made this request in their initial Brief, or they can file a separate motion for attorneys' fees to allow for proper briefing. Because the Court will not grant attorneys' fees in response to the Defendants'

**B. Motion to Strike**

In support of his Motion for Partial Summary Judgment filed on October 8, 2014,[16] the Defendant James W. Lee, Sr. filed an affidavit in which he personally described his official duties with the Pin Ups Nightclub. The Plaintiffs filed a Motion to Strike Lee's Affidavit, arguing that it contained inadmissible hearsay and assertions that were not based on personal knowledge.[17] Generally, "[a]n affidavit is not a pleading subject to a motion to strike."[18] Rather than "striking a document or a portion thereof, it is usually more appropriate to consider a party's objections to affidavits . . . when ruling on the merits."[19] Thus, instead of "strik[ing] the contested material, the Court . . . exercised its discretion and disregarded any improper testimony in

---

improper request, the Plaintiffs' uncontested Motion to Strike the Defendants' Request for Attorneys' Fees in their Reply Brief [Doc. 132] is moot.

[16]   [Doc. 126].

[17]   Pls.' Mot. to Strike, at 2.

[18]   Argonaut Midwest Ins. Co. v. McNeilus Truck & Mfg., Inc., No. 1:11-CV-3495-TWT, 2013 WL 489141, at *1 (N.D. Ga. Feb. 8, 2013).

[19]   Haynes v. Twin Cedars Youth & Family Servs., Inc., No. 5:10-CV-321 CAR, 2012 WL 895699, at *5 (M.D. Ga. Mar. 15, 2012) (internal quotation marks omitted).

considering the merits of Defendants' motion."[20] Accordingly, the Plaintiffs' Motion to Strike Lee's Affidavit is denied.

### III. Conclusion

For these reasons, the Court DENIES the Defendants James W. Lee, Sr. and The Great American Dream, Inc.'s Motion to Decertify or to Amend the Conditional Class [Doc. 127], DENIES the Plaintiffs' Motion to Strike the Affidavit of James W. Lee, Sr. [Doc. 130], and DENIES as moot the Plaintiffs' Motion to Strike the Defendants' Request for Attorneys' Fees in their Reply Brief [Doc. 132]. The Opt-In Plaintiffs that have thus far failed to provide verified discovery responses have thirty (30) days from the entry of this Order to do so, or they will be dismissed from this action.

SO ORDERED, this 11 day of June, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[20] Belton v. Georgia, No. 1:10-CV-0583-RWS, 2013 WL 4216714, at *2 (N.D. Ga. Aug. 13, 2013).