**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARTISHA STEVENSON,                    )
ELISHA HUNTER,                         )
Individually and on behalf of others   )
similarly situated                     )
                                       )   Case No. 1:11-CV-03359-TWT
             Plaintiffs,               )
v.                                     )
                                       )
THE GREAT AMERICAN DREAM, INC. )
d/b/a PINUPS,                          )
             Defendants.               

_____

**SETTLEMENT AGREEMENT**

**1.  INTRODUCTION**

This Settlement Agreement ("Agreement") is voluntarily made and entered

into by and between the Named Plaintiffs, on behalf of themselves and the

Represented Opt-In Plaintiffs described below (collectively, "Plaintiffs"), and

Defendant The Great American Dream, Inc. d/b/a Pin Ups ("Defendant").  The

Agreement is conditioned on the Court's approval.

**2.  DEFINITIONS.**

As used in this Settlement Agreement and the attached exhibits, the

following words and phrases shall have the following meanings:

1

2.1 "Administrative Costs" means all administrative costs of settlement, including, but not limited to assessing the appropriate Settlement Payment to pay to each Participating Plaintiff, mailing and collection of the Notice and Release Forms, settlement distribution, and any· other reasonable fees and costs incurred by Plaintiffs' Counsel or the company hired to assist with the execution of their duties as Settlement Administrator under this Agreement.

2.2 "Agreement" means this Settlement Agreement, with exhibits.

2.3 "Approval Hearing" means the possible hearing to be held by the Court, if one is deemed necessary, to consider whether to issue an order of Final Approval of the Settlement.

2.4. "Attorneys' Fees" means the amount of money that Plaintiffs' Counsel receive from the Gross Settlement Fund through an Order of the Court to compensate them for their work in this Action.

2.5 "Claims alleged in this lawsuit" shall mean the causes of action alleged in the Complaint specifically, (1) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.*, and (2) failure to pay overtime under the FLSA, 29 U.S.C. § 207.

2.6 "Client Trust Account" shall mean the trust account held by Plaintiffs' Counsel.

2

2.7 "Pin Ups" shall mean the adult entertainment club located at 2788 E Ponce de Leon Ave, Decatur, GA,

2.8 "Court" means the United States District Court for the Northern District of Georgia.

2.9 "Defendant" shall mean The Great American Dream, Inc. d/b/a Pin Ups.

2.10 "Defendant's Counsel" shall mean the law firm of Wagner Johnston & Rosenthal P.C. and Defendant's attorney of record from that firm.

2.11 "Final Approval" means formal and written approval of this Agreement by the Court.

2.12 "Gross Settlement Amount" shall mean the sum of five hundred and seventy five thousand dollars ($575,000). ·

2.13 "Litigation Expenses" includes any expenses incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of this Action and/or in the Pending Proceedings, including all Court-approved litigation costs.

2.14 "Named Plaintiff" shall mean any one of Martisha Stevenson or Elisha Hunter.

2.15 "Named Plaintiff Claim Form" shall be the form distributed to the Named Plaintiffs and which they shall be required to return in a timely manner in order to accept this settlement.  A template of the Parties' agreed upon Named Plaintiff Claim Form is attached as Exhibit B to this Agreement.

2.16 "Named Plaintiff Notice and Release" shall mean the Notice and Release Form distributed to the Named Plaintiffs to inform them of this settlement and their options to accept or reject this settlement.  A template of the Parties' agreed upon Named Plaintiff Notice and Release is attached as Exhibit A to this Agreement.

2.17 "Opt-In Plaintiff" shall mean any individual who has opted into this action by filing, through Plaintiffs' Counsel, a consent form with the Court and who has not since been dismissed from this action.

2.18 "Opt-In Plaintiff Claim Form" shall be the form distributed to the Represented Opt-In Plaintiffs and which they shall be required to return in a timely manner in order to accept this settlement. A template of the Parties' agreed upon Opt-In Plaintiff Claim Form is attached as Exhibit D to this Agreement.

2.19 "Opt-In Plaintiff Notice and Release" shall mean the Notice and Release Form distributed to the Represented Opt-In Plaintiffs to inform them of this settlement and their options to accept or reject this settlement. A template of the Parties' agreed upon Opt-In Plaintiff Notice and Release is attached as Exhibit C to this Agreement.

2.20 "Participating Plaintiff" shall mean any Named Plaintiff that accepts this Settlement by submitting a valid and timely Named Plaintiff Claim Form as described in Section 10.7; or (2) any Opt-In Plaintiff that accepts this Settlement

4

by submitting a valid and· timely Opt-In Plaintiff Claim Form as described in Section 10.7.

2.21 "Parties" shall mean Plaintiffs and Defendant.

2.22 "Plaintiff" shall mean any Named Plaintiff or Represented Opt-In Plaintiff.

2.23 "Plaintiffs' Counsel" means the law firm The Sharman Law Firm LLC and Paul J. Sharman listed as Plaintiffs' Counsel on the Collective Action Complaint.

2.24 "Settlement" means the compromise and settlement embodied in this Agreement.

2.25 "Settlement Fund" means the maximum of five hundred and seventy five thousand dollars ($575,000) made available pursuant to the terms of this Agreement to pay Participating Plaintiffs, and to pay Litigation Expenses, Administrative Costs, and Plaintiffs' Counsel's Attorneys' Fees.

2.26 "Total Settlement Payment" means the amount of money calculated to be paid pursuant to the terms of this Agreement to each Participating Plaintiff.

2.27 "Unresponsive Plaintiff" shall mean any Named Plaintiff or Opt-in Plaintiff that neither rejects nor accepts this settlement in the timeframe and manner set forth in Section 10.7.

3. **BACKGROUND**

3.1. On September 26, 2012, the Named Plaintiffs, on behalf of themselves and those similarly situated, filed this lawsuit against Defendants. The lawsuit is Stevenson et al. v. The Great American Dream Inc. d/b/a Pin Ups, Civil Action No. 1:11-CV-3359-TWT and is pending in the United States District Court for the Northern District of Georgia before the Honorable Judge Thomas W. Thrash.

3.2. The lawsuit alleges that Defendants misclassified Plaintiffs, current and former entertainers who worked at Pin Ups in Atlanta, Georgia as independent contractors.  The lawsuit alleges that the entertainers are employees under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  The lawsuit alleged that Defendants failed to pay entertainers any wages whatsoever and charged them fines and fees in order to work in violation of the FLSA.  Defendants have denied these allegations.

3.3. The lawsuit was brought as a collective action under the FLSA. The Court granted Plaintiffs' Motion for Conditional Certification in August of 2013, certifying a collective of current and former entertainers who worked at Pin Ups. The period to join this case closed in December 2013. There are presently 86 Opt-In Plaintiffs in this action.  Opt-in Plaintiff Felicia Goodrum has informed Plaintiffs' counsel that she no longer wishes to participate in this case.

3.4. Discovery in this case took place in two phases.  The first phase was devoted mainly to the question of whether Plaintiffs are independent contractors or employees. The second phase of discovery was devoted to damages.

3.5. On December 31, 2013, the Court granted Plaintiffs' Motion for Summary Judgment, finding that, as a matter of law, Plaintiffs are employees under the FLSA.

3.7. Plaintiffs and Defendant have each calculated damages based on relevant discovery produced and based on their respective clients' records and knowledge of the matters at hand.

3.8. On April 20, 2016, the Parties attended mediation with Daniel Klein and were able to reach an agreement on core settlement terms.

NOW THEREFORE, in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, it is hereby agreed, by and among the undersigned Parties, as follows:

**4.  <u>JURISDICTION</u>**

If this Agreement is approved by the Court, the Court will retain jurisdiction of this lawsuit for the purpose of interpreting, implementing, and enforcing the Agreement consistent with the terms discussed herein.

**5.  <u>FAIR AND REASONABLE SETTLEMENT</u>**

5.1. Plaintiffs believe that the claims asserted in the lawsuit have merit and

7

that the evidence developed to date, together with the Court's ruling on the issue of misclassification, supports their claims. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the lawsuit through trial and through appeals.  Plaintiffs have taken into account the uncertain outcome and risk of continued litigation related to damages, as well as the difficulties, delays, and risks of collection inherent in such litigation.

5.2. The Parties, together, believe that this Agreement confers substantial benefits upon Plaintiffs.

5.3. The Parties, together, believe that this Agreement is fair, reasonable, and adequate and Plaintiffs' Counsel believes it is in the best interests of Plaintiffs.

**6.  PLAINTIFFS INCLUDED IN THIS SETTLE1\1ENT.**

6.1. This Agreement covers all Named and Represented Opt-in Plaintiffs, as defined above.

6.2. All Named and 'Represented Opt-in Plaintiffs shall have the right to accept or reject this Settlement through the notice process described below.

**7.  SETTLEMENT AMOUNT**

The Gross Settlement Amount is five hundred and seventy-five thousand dollars ($575,000), which shall be paid by Defendants as specified in Section 8.

**8.  PAYMENT SCHEDULE.**

8.1. Three (3) business days following the Court granting Final Approval,

Defendant shall mail a check for twenty-five thousand dollars ($25,000) to

Plaintiffs' Counsel.

8.2. On or before sixty (60) days following the Court granting Final

Approval, Defendant shall mail a second payment of twenty-five thousand

dollars ($25,000) to Plaintiffs' counsel.

8.3. Beginning thirty (30) days following the second payment of twenty-five

thousand dollars ($25,000) and for a period of forty-two months thereafter,

Defendant shall send Plaintiffs' counsel twelve thousand five hundred dollars

($12,500) monthly.

## 9. CONSENT JUDGMENT/CONFESSION OF JUDGMENT

9.1. The payments described in Section 8 above are to be secured by a

Consent Judgment (also known as a confession of judgment) against

Defendant in the amount of seven hundred and fifty thousand dollars ($750,000).

9.2. An unexecuted Consent Judgment is attached hereto as Exhibit E.

Plaintiffs' Counsel shall retain the executed version, which Plaintiffs'

Counsel shall not file unless authorized under Section 9.3 below.

9.3. In the event Defendants do not make any of their scheduled payments as

described above and do not cure the deficiency within 15 days of Defendant's

Counsel receiving written notice of the deficiency, Plaintiffs will file the Consent

Judgment and shall be immediately entitled to full payment of the seven hundred

and fifty thousand dollars ($750,000) by Defendant.  The seven hundred and fifty

thousand dollars ($750,000) owed shall be reduced by amounts already paid under

this Agreement as of the date the Consent Judgment is filed.

9.4. In the event Defendants fulfill their payment obligations as set forth in

Section 8, supra, Plaintiffs' Counsel shall, within five (5) business days of the final

payment by Defendants, return the originally-signed Consent Judgment to

Defendant's Counsel.

## 10. **NOTICE AND RELEASE**

10.1. Exhibit A to this Agreement is the template for the Named Plaintiff

Notice and Release.

10.2. Exhibit B to this Agreement is the template for the Named Plaintiff

Claim Form.

10.3. Exhibit C to this Agreement is the template for the Opt-In Plaintiff

Notice and Release

10.4. Exhibit D to this Agreement is the template for the Opt-In Plaintiff

Claim Form.

10.5. Plaintiffs' Counsel (or his designee) shall fill in each Plaintiff's name

and amount of her Total Settlement Payment on the applicable Notice and Release

and Claim Form.

10.6. Plaintiffs' Counsel (or his designee) shall mail the Notice and Release

and Claim Forms to Plaintiffs within five (5) business days of this Agreement being executed.

10.7. Plaintiffs shall have forty-five (45) days from the date the Notice and Release and Claim Forms are mailed to either accept or reject the Settlement. To accept the Settlement, a Plaintiff must submit a signed Claim Form to Plaintiffs' Counsel (or his designee), and Plaintiffs' Counsel (or his designee) must receive the signed Claim Form on or before the forty-five (45) day deadline. To reject the settlement, a Plaintiff must notify Plaintiffs' Counsel, in writing and as specified in Exhibits A and C, that she wishes to reject the Settlement. Plaintiffs' Counsel must receive the written notification on or before the forty-five (45) day deadline.

10.8. Plaintiffs' Counsel will provide Defendant's Counsel a copy of all timely submitted and valid Claim Forms and rejection notifications within ten (10) business days after the forty-five (45) day deadline.

10.9. The Parties will attach as an Exhibit all timely submitted and valid Claim Forms and rejection notifications to the Court at the same time that they submit their Joint Motion for Settlement Approval, as specified in Section 18.

10.10. Each Named Plaintiff who accepts this Settlement will agree to a full release of any and all claims she may have against Defendant as of the date she signs the Named Plaintiff Claim Form.

10.11. Defendant agrees to a full release of all claims they may have against

11

any Named Plaintiff who accepts this Settlement as of the date the Named Plaintiff signs the Named Plaintiff Claim Form.

10.12. Each Represented Opt-in Plaintiff who accepts this Settlement will agree to release her claims alleged in this lawsuit.

10.13. Any Plaintiff who affirmatively rejects this Settlement by submitting a written notification as specified in Exhibits A and C will have her claims alleged in this lawsuit dismissed without prejudice. The final scheduled payment of $12,500 from Defendant shall be reduced by the amount of Total Settlement Payments allocated to those rejecting Plaintiffs.  If the total amount of rejected payments is greater than $12,500, the next to last payment of $12,500 will be reduced by the remaining amount of Total Settlement Payments allocated to those rejecting Plaintiffs and so on until all rejected payments are accounted for.

10.14. Any Plaintiff who neither accepts nor rejects this settlement shall have her claims alleged in this lawsuit dismissed with prejudice. The amount of Total Settlement Payments allocated to Unresponsive Plaintiffs shall be donated to the parties' chosen cy pres, the Georgia Coalition Against Domestic Violence, ninety (90) days following the date that the last payments are made to the Plaintiffs.

## 11. RIGHT TO REVOKE AGREEMENT

11.1. Defendant shall have the right, at its option, to declare null and void

the settlement if more than ten (10) Plaintiffs affirmatively reject their share of the settlement distribution. Unresponsive Plaintiffs shall not be considered to have affirmatively rejected their share of the settlement distribution.

11.2. Consequences of Termination: In the event this Agreement does not receive Approval by the Court or in the event the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Parties shall request the Court to restore them to their respective positions in the lawsuit as of April 21, 2016. In such event, the terms and provisions of this Agreement shall have no further force or effect with respect to the Parties, any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tune, and all Settlement Funds paid by Defendant under this Agreement shall be immediately returned by Plaintiffs to Defendant.

## 12. **<u>CONFIDENTIALITY.</u>**

12.1. Each Plaintiff who accepts this Settlement agrees to refrain from contacting any news media outlet for the purpose of advertising, marketing, publishing, or issuing press releases about the terms of this Settlement.

12.2. In the event that the news media contacts any Plaintiff who has accepted this settlement, the Plaintiff will not discuss or comment on the terms of settlement other than to state that "this matter has been resolved" or words to that effect.

12.3. Nothing in this Agreement shall restrict Plaintiffs' Counsel's ability to market or advertise this Settlement with the limitation that any advertising or marketing materials must state that Pin Ups denied any liability in this matter and that the amount of settlement will not be included in any such marketing or advertising.

### 13. <u>SETTLEMENT ADMINISTRATION</u>

13.1. Plaintiff's Counsel (or his designee) shall administer the settlement, including the notice and claims process and mailing of checks described in Sections 10 and 13.

13.2. Subject to Court approval, the schedule attached as Exhibit F shall determine the amount of each payment made to each Plaintiff following each scheduled payment by Defendant as described in Section 8.

13.3 Payments will be made to Plaintiffs via check from Plaintiff's counsel (or his designee).  Plaintiffs will receive an initial payment from the first two scheduled payments as described in Sections 8.1 and 8.2 followed by annual payments through the remainder of the payment schedule.

13.4. Checks that remain uncashed ninety (90) days after they are mailed will be stopped and the money returned to the Client Trust Account. Any participating Plaintiff whose check was stopped will be allowed to contact Plaintiffs' Counsel and request that the check be reissued minus the cost of

stopping the payment and re-issuing the check. The check will be reissued provided that the Participating Plaintiff's request is made on or before 90 days following the last scheduled mailing of checks as described in Section 8.3.   Any Settlement Funds remaining in the Client Trust Account ninety (90) days following the last scheduled mailing of checks will be forwarded to the Georgia Coalition Against Domestic Violence.

13.4. Defendant shall be solely responsible for issuing and mailing Forms 1099 as described in Section 16 in the timeframe required by law.

Plaintiff's Counsel shall notify Defendants' Counsel of any updates/changes to claimant's addresses by January 15th of each year during the term of this Agreement.  Plaintiffs' counsel will also send an annual report to Defendant's counsel of settlement amounts paid to each Plaintiff by January 15th of each year during the term of this Agreement.  Defendant will then issue Form 1099s to each eligible Plaintiff by the applicable IRS deadline.

## 14. ATTORNEYS' FEES, ADMINSTRATION COSTS, LITIGATION EXPENSES, AND INCENTIVE A WARDS

14.1 Plaintiff's Attorney's Fees to date are $141,000 based on 470 hours of billable time at $300 per hour.  Plaintiff's expenses to date are $2,479.50.  In addition to reimbursement of expenses to date, Plaintiff's counsel has agreed to accept a reduced amount of attorney's fees from this settlement of $138,740.67, which also does not reflect any additional time and expenses that he may incur as a

15

result of the filing, approval, and administration of this settlement.  Plaintiff's

counsel has agreed not to seek any additional amounts provided the above listed

amounts are approved by this Court as part of this settlement agreement.  If

necessary, Plaintiff's counsel will provide the Court with documentation of his

actual hours and expenses to date.

      14.2 Named Plaintiff Incentive Awards: Plaintiffs may apply to the Court for

Named Plaintiff incentive awards for the time, effort and expense that the Named

Plaintiffs incurred in securing the Settlement in this lawsuit (in addition to

compensating them for their portion of the overall Settlement proceeds available to

the Settlement Class). Subject to Court approval, Named Plaintiff incentive awards

of twenty thousand dollars ($20,000) will be provided to each Named Plaintiff who

accepts this Settlement. The Named Plaintiff incentive awards shall be paid out of

the Settlement Fund of five hundred and seventy five thousand dollars ($575,000).

The Named Plaintiff incentive awards are in addition to the amounts the Named

Plaintiffs would be provided pursuant to pro rata distribution described in Section

15.

## 15. SETTLEMENT ALLOCATIONS AND DISTRIBUTION SCHEDULE

      15.1. Plaintiffs' Counsel has determined the Total Settlement Payment for

each Plaintiff based on formal and informal discovery undertaken in this litigation.

The Total Settlement Payments are based generally on each Plaintiff's length of

employment and frequency of work at Pin Ups. In some cases, Pin Ups records did not reflect any work by specific Plaintiffs.  For those Plaintiffs, Settlement Payments were determined as follows:

15.1.1 For each Opt-in Plaintiff who did not appear in Defendant's records AND the Opt-in Plaintiff provided information to Plaintiffs' counsel upon request regarding witnesses, documentation, or other information that may provide evidence that the Plaintiff did in fact work at Pin Ups, the Plaintiff will receive a Total Settlement Payment of one thousand dollars ($1,000).

15.1.2 For each Opt-in Plaintiff who did not appear in Defendant's records AND the Opt-in Plaintiff did not respond to Plaintiffs' counsel's request regarding witnesses, documentation, or other information that may provide evidence that the Plaintiff did in fact work at Pin Ups, the Plaintiff will receive a Total Settlement Payment of one hundred dollars ($100).

Total Settlement Payments are exclusive of any awarded Named Plaintiff incentive awards and are calculated to ensure that each Participating Plaintiff receives at least $100 or $1,000 as described above. The Total Settlement Payments also assume that the amount of Attorneys' Fees and Litigation Expenses will be awarded in full as described in Section 14.1.

15.2. The amount of each Plaintiffs Total Settlement Amount are listed on Exhibit F to this Agreement.

15.3. Each Plaintiff's Total Settlement Amount will also be listed on her Notice and Release and Claim Form.

15.4. In the event the Court awards a lower amount of Attorneys' Fees, Litigation Expenses, and Administration Costs, the difference will be reallocated to the Participating Plaintiffs, proportionally based on the amounts listed in Exhibit F.

### 16. TAXES

16.1. Plaintiffs' counsel (or its designee) shall inform Defendant by January 15 of each year of any amounts distributed to each Participating Plaintiff and to Plaintiffs' Counsel during the preceding year.

16.2. Defendant shall issue and mail a Form 1099 to each Plaintiff yearly for any payments made to that Plaintiff in the preceding year under this Agreement.

16.3. Defendant shall issue and mail a Form 1099 to Plaintiffs' Counsel yearly for any awarded Attorneys' Fees or Litigation Expenses paid in the preceding year under this Agreement.

16.4. Taxation and No Tax Advice: Neither Defendant, Defendant's Counsel nor Plaintiffs' Counsel shall be responsible for paying any Plaintiffs' tax obligations arising from this Settlement. Nothing in this Agreement shall be construed as Defendant, Defendant's Counsel or Plaintiffs' Counsel providing any advice regarding the payment of taxes or the tax consequences of a Participating Plaintiffs' participation in any portion of this Agreement.

### 17. <u>DISMISSALS</u>

The Parties shall file a stipulation of dismissal, dismissing this case following final payment from Defendants as described in Section 8.

### 18. <u>COURT APPROVAL</u>

18.1. Within five (5) days of executing this Agreement, the Parties shall jointly file a notice of settlement and a request that the Court continues the stay in this case through the date the Court rules on the Parties' Motion for Settlement Approval.

18.2. The Parties shall agree on a final Joint Motion for Settlement Approval no later than ten business days following the deadline for Plaintiffs to submit Claim Forms. Plaintiffs' Counsel will prepare this joint motion for approval by Defendants' Counsel. This Agreement shall be Exhibit 1 to the Parties' Joint Motion for Settlement Approval. The Parties agree to file their Joint Motion at least fourteen (14) days prior to the Approval Hearing, if any, or as otherwise required by the Court.

### 19. <u>MISCELLANEOUS</u>

19.1. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all of the signatories hereto or their successors-in-interest. No oral amendment or modification shall be permitted or Effective.

19.2. This Agreement and the Settlement were entered into after substantial good faith, arms-length negotiations between the Parties, Plaintiffs' Counsel and Defendant's Counsel.

19.3. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same Agreement. This Agreement may be executed by signature delivered by facsimile or PDF, and need not be the original "ink" signature. A complete set of executed counterparts shall be filed with the Court.

19.4. This Agreement and the exhibits hereto constitute the entire fully integrated Agreement among the Parties. No representations, warranties or inducements have been made to any Party concerning the Settlement, this Agreement or its exhibits, other than the representations, warranties and covenants contained in such documents.

19.5. The headings and captions inserted in this Agreement are for convenience only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

19.6. Except as otherwise provided in this Agreement, the Parties shall bear their own respective costs and fees.

19.7. None of the Parties, or their respective counsel, shall be deemed to be the drafter of this Agreement or its exhibits for purposes of construing their provisions. The language in all parts of this Agreement and its exhibits shall be interpreted according to its fair meaning, and shall not be interpreted for or against any of the Parties as the drafter of the language.

19.8. All time computations under this Agreement shall be done in accordance with the provisions of the Federal Rules of Civil Procedure.

19.9. The waiver by any of the Parties to this Agreement of any provision thereof shall not be deemed a waiver by that Party of any other provision of this Agreement.

19.10 Each and every one of the Parties hereto acknowledges and agrees that he/she/it will, and shall, at all times subsequent to the execution of this Agreement and upon reasonable request, make, do- and execute, or cause to be made, done or executed, all such further documents and instruments to effectuate the full intent, purpose, covenants and conditions as set forth herein as any Party may require.

## 20. BINDING ON SUCCESSORS AND ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administers, successors, and assigns.

## 21. <u>PARTIES' AUTHORITY</u>

The signatories hereto represent that they are fully authorized to execute this Agreement on behalf of their clients and, in doing so, bind the Parties to the Agreement's terms and conditions. The signatures below are not meant to make Counsel parties to this Agreement. Further, each Plaintiff retains her ability to accept or reject this settlement as described above in Section 10.

**Date:** 6/10/2016

Paul J. Sharman
Georgia Bar No. 227207
The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022
(678) 242-5297
paul@sharman-law.com

Attorney for Plaintiffs

**Date:** ___6/10/2016___

_____
Kenneth J. Sokolov, Esq.
Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle
Suite 300
Atlanta, Georgia  30328-4834
404.261.0500 Tel
kjs@wjrlaw.com

Attorney for Defendant

24

EXHIBIT A - NAMED PLAINTIFF NOTICE OF SETTLEMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | ) | |
| ELISHA HUNTER, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated | ) | |
| | ) | Case No. 1:11-CV-03359-TWT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE GREAT AMERICAN DREAM, INC. | ) | |
| d/b/a PINUPS, | | |
| Defendants. | | |

## NAMED PLAINTIFF NOTICE OF SETTLEMENT

## INTRODUCTION

You initiated this minimum wage and overtime lawsuit on behalf of current and former entertainers at Pin Ups.

The entertainers in this lawsuit are called "Plaintiffs."  The entity that is being sued is called the "Defendant."   You are receiving this notice because you initiated this lawsuit, signed a consent form to join this lawsuit as a Plaintiff, and agreed to have Plaintiffs' Counsel, The Sharman Law Firm LLC, represent your interests.  The decision to participate or not participate in this Settlement may have legal consequences, so please review this notice carefully.

Plaintiffs' counsel has obtained what they believe to be a fair and reasonable settlement offer in this case. Plaintiffs' counsel conducted a thorough investigation into the claims and facts of the lawsuit.  Based on their investigation and evaluation, Plaintiffs' counsel believes that the settlement is in the best interest of all Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Defendants, the ability to collect a judgment if one is obtained, and the possibility of appeal.

The settlement still has to be approved by the Court. If it is approved in the form

described below, you will receive payment if you return the attached Claim Form and it is received by Plaintiffs' Counsel on or before [DATE 45 DAYS FROM MAILING].

## DESCRIPTION OF THE ACTION

During 2012, an action was filed against Defendant The Great American Dream, Inc. d/b/a Pin Ups Nightclub on behalf of the named Plaintiffs and all other similarly situated individuals who worked as entertainers during the past three years.

The action alleges that these individuals are owed overtime pay and/or minimum wages under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The action alleges that, as part of these individuals' minimum wage damages, they are entitled to receive back any amounts they were required to pay to Defendants as "house fees" or other fines.

Defendants denied that they have violated the FLSA, or that any overtime pay, minimum wages or other damages are owed, and have defended against all claims that have been asserted against them.

In this case, the Court has ruled that the Plaintiffs in this case were misclassified as employees. The Court has also ruled that Plaintiffs are not entitled to recover liquidated damages or allow for a third year to be added to the FLSA statute of limitations. The Court has made no determination to date about whether you and the other Plaintiffs are owed any money.

Rather than proceed to litigate the issue of how much, if any, money Plaintiffs are owed, attorneys for both sides agreed to attend mediation. Mediation was conducted in Atlanta on April 20, 2016 by an experienced employment mediator. An agreement was reached following negotiations between attorneys for both sides with the assistance of the mediator.

## SETTLEMENT

Plaintiffs' Counsel has negotiated what they believe to be a fair, adequate, and reasonable settlement for all Plaintiffs in this case. This settlement resolves the matter and represents a compromise – Defendants are paying more than they believe is owed and Plaintiffs are accepting less than they believe is owed. In light of the risks of continued litigation, however, Plaintiffs' Counsel believes these

amounts are fair, reasonable, and adequate compensation to settle this case.  The settlement payments specified in this notice are the payments you will receive if you return the attached Claim Form and it is received by Plaintiffs' Counsel on or before [DATE 45 DAYS FROM MAILING].

## SETTLEMENT ALLOCATIONS AND TIMING OF PAYMENT

If you wish to participate in this settlement, you must sign and return the enclosed Claim Form. If the Settlement is approved, you will receive a gross payment of $_____.  This amount was based on Pin Ups providing specific dates and times you worked and the amount of minimum wage you would have been paid was calculated.  That amount has been used to calculate your settlement.  In addition, you have received an award of $20,000 for your time and effort to initiate this case and participate in depositions and mediation.

You will receive an initial payment approximately 75 days following Court approval of the settlement.  You will then receive proportional payments paid annually for four years depending on your total payment amount until the total amount is paid.

Plaintiff's attorney will be receiving actual hourly fees paid and expenses of litigation.  These amounts will not be deducted from your settlement amount listed above.

IS VERY IMPORTANT THAT YOU KEEP PLAINTIFFS' COUNSEL INFORMED OF ANY CHANGES TO YOUR CONTACT INFORMATION THROUGH THE END OF THE PAYMENT CYCLE VIA EMAIL AT PAUL@SHARMAN-LAW.COM OR VIA PHONE AT 678-242-5297.

Your settlement payments will be designated as non-wage income.  You will receive an IRS Form 1099 yearly for amounts paid to you under this settlement. NOTE: Each person's tax circumstances vary, and Plaintiffs' Counsel cannot advise you on your tax issues. You shall be solely responsible for the payment of any local, state or federal taxes resulting from or attributable to the payments received under this settlement. You should consult a tax preparer with questions with regard to all payments in this settlement.

The amounts Defendants are to pay under this Settlement are secured by a consent judgment equal to 130% of the settlement amount.  This means that if Defendant does not make their scheduled payments, Defendant will become immediately

liable to Plaintiffs for 130% of the settlement amount.  That money will then be distributed proportionally to Plaintiffs, including you, based on the amount of the original settlement.

## WHAT IF CHOOSE TO REJECT THIS SETTLEMENT?

If you do not wish to accept this settlement, you must notify Plaintiffs' Counsel in writing and deliver your notification so that it is received no later than **[DATE 45 DAYS FROM MAILING].** The notification must state (1) your full legal name; and (2) that you wish to reject the settlement offer in the case *Stevenson et al v. The Great American Dream, Inc. d/b/a Pin Ups,* No. 12-CV-3359-TWT.  You can mail, fax, or email your written notification to Plaintiffs' Counsel, Paul J. Sharman at:

**The Sharman Law Firm LLC (Attn: Paul J. Sharman)**
**11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
**Telephone: (678) 242-5297 Fax: (678) 802-2129**
**Email: paul@sharman-law.com**

If you choose to reject this offer of settlement, your claim will be dismissed without prejudice. If you wish to pursue your claims after dismissal, you will need to find a new lawyer or pursue your claims yourself.  If you reject this offer of settlement and do not pursue your claim within the statutory period, some or all of your claims may be barred by the passage of time.

## UNCLAIMED SETTLEMENT FUNDS

You will have 90 days following each mailing of settlement checks to cash your check. If you do not cash your check within 90 days, the check will be stopped. If you would like the check reissued, you may contact Plaintiffs' Counsel at the addresses and numbers listed below to request that the check be reissued.  If you do not make this request before 90 days following Payment Cycle 7, the money allocated to you will be donated to the Georgia Coalition Against Domestic Violence.

## NO RETALIATION OR DISCRIMINATION

Defendants will not take any adverse action against any individual because she participates in the settlement.

4

## SCOPE OF RELEASE

By returning the attached Claim Form, you will release Defendants, their respective heirs, trustees, executors, administers, successors, and assigns from all claims asserted in this lawsuit- specifically, (1) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.;* (2) failure to pay overtime under the FLSA, 29 U.S.C. § 207; and (3) retaliation under the FLSA, 29 U.S.C. § 215, including attorneys' fees and expenses of this litigation.

## CONFIDENTIALITY

By returning this Settlement Claim Form, I agree not to contact any news media outlet for the purpose of advertising, marketing, publishing, or issuing press releases about the terms of this Settlement. In the event that the news media contacts me, you agree that you will state that "this matter has been resolved" or words to that effect.

## QUESTIONS ABOUT THE SETTLEMENT

Any questions about the settlement should be directed to Plaintiffs' Counsel:

**Paul J. Sharman**
**The Sharman Law Firm LLC**
**11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
**Telephone: (678) 242-5297 Fax: (678) 802-2129**
**Email: paul@sharman-law.com**

TO OBTAIN YOUR PORTION OF THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM FORM. YOUR CLAIM FORM MUST BE RECEIVED BY PLAINTIFFS' COUNSEL ON OR BEFORE [DATE 45 DAYS FROM MAILING].

IF YOUR CLAIM FORM IS NOT RECEIVED BY THE DEADLINE OR IF YOU DO NOT REJECT THIS SETTLEMENT BY THE DEADLINE, YOUR CLAIMS IN THIS LAWSUIT WILL BE DISMISSED WITH PREJUDICE AND YOU WILL NOT BE ABLE TO SUE DEFENDANTS FOR THE CLAIMS IN THIS LAWSUIT OR RECOVER ANY MONEY FROM THEM.

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | ) | |
| ELISHA HUNTER, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated | ) | |
| | ) | Case No. 1:11-CV-03359-TWT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE GREAT AMERICAN DREAM, INC. | ) | |
| d/b/a PINUPS, | | |
| Defendants. | | |

## NAMED PLAINTIFF CLAIM & RELEASE FORM

I received the notice of settlement in the lawsuit against The Great American Dream, Inc. d/b/a Pin Ups (Defendant). The notice informed me that I will receive a gross settlement amount of $_____, which includes an extra payment for the time and effort I have spent on this case as a named plaintiff, including bringing the case to the Plaintiffs' attorney, being deposed, and attending mediation. If I return this Claim Form and it is received by the deadline set forth in the notice. I wish to take part in the settlement. By returning this Claim Form, I hereby agree to release and forever discharge Defendants ( along with their respective heirs, trustees, executors, administers, successors, and assigns) from all claims asserted in this lawsuit- specifically, (1) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.;* (2) failure to pay overtime under the FLSA, 29 U.S.C. § 207; (3) attorneys' fees and expenses of this litigation.

By returning this Settlement Claim Form, I agree not to contact any news media outlet for the purpose of advertising, marketing, publishing, or issuing press releases about the terms of this Settlement. In the event that the news media contacts me, you agree that you will state that "this matter has been resolved" or words to that effect.

Please complete your name and contact information below, sign and return the form.

1

Signature: _____ Date: _____

Name: _____
        (First)               (Middle)          (Last)

Street Address: _____

City, State, Zip: _____

Home: _____Work: _____Cell: _____

Email: _____

**FAX, EMAIL OR MAIL TO:**     **The Sharman Law Firm LLC (Attn: Paul J. Sharman)**
                                            **11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
                                            **Telephone: (678) 242-5297 Fax: (678) 802-2129**
                                            **Email: paul@sharman-law.com**

THE FORM MUST BE RECEIVED BY [DATE 45 DAYS FROM MAILING].

2

EXHIBIT C - OPT-IN PLAINTIFF NOTICE OF SETTLEMENT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | ) | |
| ELISHA HUNTER, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated | ) | |
| | ) | Case No. 1:11-CV-03359-TWT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE GREAT AMERICAN DREAM, INC. | ) | |
| d/b/a PINUPS, | | |
| Defendants. | | |

## OPT-IN PLAINTIFF NOTICE OF SETTLEMENT

## INTRODUCTION

You have previously joined this minimum wage and overtime lawsuit.

The entertainers in this lawsuit are called "Plaintiffs."  The entity that is being sued is called the "Defendant."   You are receiving this notice because you signed a consent form to join this lawsuit as a Plaintiff, and agreed to have Plaintiffs' Counsel, The Sharman Law Firm LLC, represent your interests.  The decision to participate or not participate in this Settlement may have legal consequences, so please review this notice carefully.

Plaintiffs' counsel has obtained what they believe to be a fair and reasonable settlement offer in this case. Plaintiffs' counsel conducted a thorough investigation into the claims and facts of the lawsuit.  Based on their investigation and evaluation, Plaintiffs' counsel believes that the settlement is in the best interest of all Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Defendants, the ability to collect a judgment if one is obtained, and the possibility of appeal.

The settlement still has to be approved by the Court. If it is approved in the form described below, you will receive payment if you return the attached Claim Form and it is received by Plaintiffs' Counsel on or before July 28, 2016.

## DESCRIPTION OF THE ACTION

During 2012, an action was filed against Defendant The Great American Dream, Inc. d/b/a Pin Ups Nightclub on behalf of the named Plaintiffs and all other similarly situated individuals who worked as entertainers during the past three years.

The action alleges that these individuals are owed overtime pay and/or minimum wages under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The action alleges that, as part of these individuals' minimum wage damages, they are entitled to receive back any amounts they were required to pay to Defendants as "house fees" or other fines.

Defendants denied that they have violated the FLSA, or that any overtime pay, minimum wages or other damages are owed, and have defended against all claims that have been asserted against them.

In this case, the Court has ruled that the Plaintiffs in this case were misclassified as employees.  The Court has also ruled that Plaintiffs are not entitled to recover liquidated damages or allow for a third year to be added to the FLSA statute of limitations.  The Court has made no determination to date about whether you and the other Plaintiffs are owed any money.

Rather than proceed to litigate the issue of how much, if any, money Plaintiffs are owed, attorneys for both sides agreed to attend mediation.  Mediation was conducted in Atlanta on April 20, 2016 by an experienced employment mediator. An agreement was reached following negotiations between attorneys for both sides with the assistance of the mediator.

## SETTLEMENT

Plaintiffs' Counsel has negotiated what they believe to be a fair, adequate, and reasonable settlement for all Plaintiffs in this case.  This settlement resolves the matter and represents a compromise – Defendants are paying more than they believe is owed and Plaintiffs are accepting less than they believe is owed.  In light of the risks of continued litigation, however, Plaintiffs' Counsel believes these amounts are fair, reasonable, and adequate compensation to settle this case.  The settlement payments specified in this notice are the payments you will receive if you return the attached Claim Form and it is received by Plaintiffs' Counsel on or

2

before July 28, 2016.

## SETTLEMENT ALLOCATIONS AND TIMING OF PAYMENT

If you wish to participate in this settlement, you must sign and return the enclosed Claim Form. If the Settlement is approved, you will receive a gross payment of $_____$.  This amount was based on one of the following calculations:

1) If Pin Ups provided specific dates and times you worked and calculated the amount of minimum wage you would have been paid, that amount has been used to calculate your settlement.
2) If Pin Ups did not find you in their records search and you contacted me when requested to provide additional information to be used in the records search, you will receive a settlement of $1,000.00.
3) If Pin Ups did not find you in their records search and you failed to contact me when requested to provide additional information to be used in the records search, you will receive as settlement of $100.00.

If you are in Category 1, you will receive an initial payment approximately 75 days following Court approval of the settlement.  You will then receive proportional payments paid annually for one to four years depending on your total payment amount until the total amount is paid.

Plaintiff's attorney will be receiving actual hourly fees paid and expenses of litigation.  These amounts will not be deducted from your settlement amount listed above.

IS VERY IMPORTANT THAT YOU KEEP PLAINTIFFS' COUNSEL INFORMED OF ANY CHANGES TO YOUR CONTACT INFORMATION THROUGH THE  END OF THE PAYMENT CYCLE VIA EMAIL AT PAUL@SHARMAN-LAW.COM OR VIA PHONE AT 678-242-5297.

Your settlement payments will be designated as non-wage income.  You will receive an IRS Form 1099 yearly for amounts paid to you under this settlement. NOTE: Each person's tax circumstances vary, and Plaintiffs' Counsel cannot advise you on your tax issues. You shall be solely responsible for the payment of any local, state or federal taxes resulting from or attributable to the payments received under this settlement. You should consult a tax preparer with questions with regard to all payments in this settlement.

3

The amounts Defendants are to pay under this Settlement are secured by a consent judgment equal to 130% of the settlement amount.  This means that if Defendant does not make their scheduled payments, Defendant will become immediately liable to Plaintiffs for 130% of the settlement amount.  That money will then be distributed proportionally to Plaintiffs, including you, based on the amount of the original settlement.

## WHAT IF CHOOSE TO REJECT THIS SETTLEMENT?

If you do not wish to accept this settlement, you must notify Plaintiffs' Counsel in writing and deliver your notification so that it is received no later than **July 28, 2016.** The notification must state (1) your full legal name; and (2) that you wish to reject the settlement offer in the case *Stevenson et al v. The Great American Dream, Inc. d/b/a Pin Ups,* No. 12-CV-3359-TWT.  You can mail, fax, or email your written notification to Plaintiffs' Counsel, Paul J. Sharman at:

**The Sharman Law Firm LLC (Attn: Paul J. Sharman)**
**11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
**Telephone: (678) 242-5297 Fax: (678) 802-2129**
**Email: paul@sharman-law.com**

If you choose to reject this offer of settlement, your claim will be dismissed without prejudice. If you wish to pursue your claims after dismissal, you will need to find a new lawyer or pursue your claims yourself.  If you reject this offer of settlement and do not pursue your claim within the statutory period, some or all of your claims may be barred by the passage of time.

## UNCLAIMED SETTLEMENT FUNDS

You will have 90 days following each mailing of settlement checks to cash your check. If you do not cash your check within 90 days, the check will be stopped. If you would like the check reissued, you may contact Plaintiffs' Counsel at the addresses and numbers listed below to request that the check be reissued.  If you do not make this request before 90 days following Payment Cycle 7, the money allocated to you will be donated to the Georgia Coalition Against Domestic Violence.

## NO RETALIATION OR DISCRIMINATION

Defendants will not take any adverse action against any individual because she

participates in the settlement.

## SCOPE OF RELEASE

By returning the attached Claim Form, you will release Defendants, their respective heirs, trustees, executors, administers, successors, and assigns from all claims asserted in this lawsuit- specifically, (1) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.;* (2) failure to pay overtime under the FLSA, 29 U.S.C. § 207; and (3) retaliation under the FLSA, 29 U.S.C. § 215, including attorneys' fees and expenses of this litigation.

## CONFIDENTIALITY

By returning this Settlement Claim Form, I agree not to contact any news media outlet for the purpose of advertising, marketing, publishing, or issuing press releases about the terms of this Settlement.  In the event that the news media contacts me, you agree that you will state that "this matter has been resolved" or words to that effect.

## QUESTIONS ABOUT THE SETTLEMENT

Any questions about the settlement should be directed to Plaintiffs' Counsel:

**Paul J. Sharman**
**The Sharman Law Firm LLC**
**11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
**Telephone: (678) 242-5297 Fax: (678) 802-2129**
**Email: paul@sharman-law.com**

TO OBTAIN YOUR PORTION OF THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM FORM.  YOUR CLAIM FORM MUST BE RECEIVED BY PLAINTIFFS' COUNSEL ON OR BEFORE JULY 28, 2016.

IF YOUR CLAIM FORM IS NOT RECEIVED BY THE DEADLINE OR IF YOU DO NOT REJECT THIS SETTLEMENT BY THE DEADLINE, YOUR CLAIMS IN THIS LAWSUIT WILL BE DISMISSED WITH PREJUDICE AND YOU WILL NOT BE ABLE TO SUE DEFENDANTS FOR THE CLAIMS IN THIS LAWSUIT OR RECOVER ANY MONEY FROM THEM.

EXHIBIT D - OPT-IN PLAINTIFF CLAIM AND RELEASE FORM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON, | ) | |
| ELISHA HUNTER, | ) | |
| Individually and on behalf of others | ) | |
| similarly situated | ) | |
| | ) | Case No. 1:11-CV-03359-TWT |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE GREAT AMERICAN DREAM, INC. | ) | |
| d/b/a PINUPS, | | |
| Defendants. | | |

## OPT-IN PLAINTIFF CLAIM & RELEASE FORM

I received the notice of settlement in the lawsuit against The Great American Dream, Inc. d/b/a Pin Ups (Defendant). The notice informed me that I will receive a gross settlement amount of $_____. If I return this Claim Form and it is received by the deadline set forth in the notice. I wish to take part in the settlement. By returning this Claim Form, I hereby agree to release and forever discharge Defendants ( along with their respective heirs, trustees, executors, administers, successors, and assigns) from all claims asserted in this lawsuit- specifically, (1) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.;* (2) failure to pay overtime under the FLSA, 29 U.S.C. § 207; (3) attorneys' fees and expenses of this litigation.

By returning this Settlement Claim Form, I agree not to contact any news media outlet for the purpose of advertising, marketing, publishing, or issuing press releases about the terms of this Settlement. In the event that the news media contacts me, you agree that you will state that "this matter has been resolved" or words to that effect.

Please complete your name and contact information below, sign and return the form.

Signature: _____   Date: _____

Name: _____
       (First)                       (Middle)               (Last)

Street Address: _____

City, State, Zip: _____ _____

Home: _____Work: _____Cell: _____

Email: _____

**FAX, EMAIL OR MAIL TO:**       **The Sharman Law Firm LLC (Attn: Paul J. Sharman)**
                                           **11175 Cicero Drive, Suite 100, Alpharetta, GA 30022**
                                           **Telephone: (678) 242-5297 Fax: (678) 802-2129**
                                           **Email: paul@sharman-law.com**

THE FORM MUST BE RECEIVED BY [DATE 45 DAYS FROM MAILING].

EXHIBIT E - SIGNED CONSENT JUDGMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARTISHA STEVENSON,<br>ELISHA HUNTER,<br>Individually and on behalf of others<br>similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 1:11-CV-03359-TWT |
| v. | ) ) ) | |
| THE GREAT AMERICAN DREAM, INC.<br>d/b/a PINUPS, | ) ) | |
| Defendants. | | |

## CONSENT JUDGMENT AS TO DEFENDANT THE GREAT AMERICAN DREAM, INC. d/b/a PIN UPS

Plaintiffs and Defendant hereby STIPULATE AND AGREE to entry of this Consent Judgment in accordance with the agreement entered into by the parties. Specifically, Plaintiffs and the Consenting Defendant hereby STIPULATES AND AGREES that:

1. The payments described in Section 8 to the parties' settlement agreement in this case are to be secured by this Consent Judgment against Defendant in the amount of seven hundred and fifty thousand dollars ($750,000);

2. Plaintiffs' Counsel shall retain the original executed version of this Consent Judgment and shall not filed the executed version unless authorized by Section 3.

3. In the event Defendant does not make any of their scheduled payments as described in Section 8 to the parties' settlement agreement in this case and do not cure the default within 15 days of Defendant's Counsel receiving written notice of the default, Plaintiffs may file this Consent Judgment and shall be immediately entitled to full payment of the seven hundred and fifty thousand dollars ($750,000) by Defendant, less all payments already made by Defendant under the Settlement Agreement as of the date this Consent Judgment is filed.

1

4. In the event Defendant fulfills its payment obligations as set forth in Section 8 of the parties' settlement agreement in this case, Plaintiffs' Counsel shall, within five (5) business days of the final payment by Defendants, return the originally-signed Consent Judgment to Defendant's Counsel.

**Date:** _6/10/2016_

Paul J. Sharman
Georgia Bar No. 227207
The Sharman Law Firm LLC
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022
(678) 242-5297
paul@sharman-law.com

Attorney for Plaintiffs

**Date:** _6/10/2016_

Kenneth J. Sokolov, Esq.
Georgia Bar No. 666460
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle
Suite 300
Atlanta, Georgia  30328-4834
404.261.0500 Tel
kjs@wjrlaw.com

Attorney for Defendant

2

Pin Ups Settlement Distribution

| First Name | Last Name | 1st 50k | 1st year | 2nd Year | 3rd Year | 4th Year | Total |
|---|---|---|---|---|---|---|---|
| Rahkia | Adams | $250.00 | $750.00 | | | | $1,000.00 |
| Kennedria | Adams | $500.00 | $6,000.00 | $8,000.00 | $8,000.00 | $3,737.97 | $26,237.97 |
| Angela | Allen | $500.00 | $750.00 | $750.00 | $440.28 | | $2,440.28 |
| Nicole | Allen | $100.00 | | | | | $100.00 |
| Dum-a-nagan | Anderson | $100.00 | | | | | $100.00 |
| Ronita | Bomar-Dioum | $250.00 | $750.00 | | | | $1,000.00 |
| Shayna | Britt | $500.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,006.89 | $4,506.89 |
| Undrea | Brown | $100.00 | | | | | $100.00 |
| Denisha | Brown-Southern | $250.00 | $750.00 | | | | $1,000.00 |
| Natasha | Brumfield | $500.00 | $750.00 | $571.71 | | | $1,821.71 |
| Kayrida | Bussey | $250.00 | $750.00 | | | | $1,000.00 |
| Laura | Clark | $500.00 | $1,028.30 | | | | $1,528.30 |
| Keosha | Curry | $500.00 | $1,000.00 | $1,500.00 | $1,500.00 | $518.09 | $5,018.09 |
| Saidah | Daniels | $500.00 | $750.00 | $750.00 | $424.69 | | $2,424.69 |
| Sidnei | Davis | $100.00 | | | | | $100.00 |
| Andrea | Days | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $1,778.09 | $13,278.09 |
| Janice | Dennis | $250.00 | $750.00 | | | | $1,000.00 |
| Unique | Dixon | $250.00 | $750.00 | | | | $1,000.00 |
| Carletta | Eaton | $250.00 | $750.00 | | | | $1,000.00 |
| Shadawn | Edmonds | $100.00 | | | | | $100.00 |
| Felincia | Farmer | $500.00 | $1,500.00 | $1,600.00 | $1,600.00 | $983.45 | $6,183.45 |
| Crystal | Fletcher | $100.00 | | | | | $100.00 |
| Jacqueline | Ford | $500.00 | $4,000.00 | $5,000.00 | $5,000.00 | $1,499.08 | $15,999.08 |
| Robin | Foster | $500.00 | $1,500.00 | $1,600.00 | $1,600.00 | $627.84 | $5,827.84 |
| Lakeisha | Fowler | $100.00 | | | | | $100.00 |
| Demesha | Fullwood | $100.00 | | | | | $100.00 |
| Celina | Gayle | $250.00 | $750.00 | | | | $1,000.00 |
| Tyese | Golden | $500.00 | $750.00 | $887.59 | | | $2,137.59 |
| Lekiesha | Gonzalez | $250.00 | $750.00 | | | | $1,000.00 |
| Arianna | Green | $500.00 | $1,500.00 | $1,800.00 | $1,800.00 | $1,498.04 | $7,098.04 |
| Latesha | Hall | $500.00 | $750.00 | $717.07 | | | $1,967.07 |
| Christen | Hanna | $250.00 | $750.00 | | | | $1,000.00 |
| Sonseareah | Harris | $250.00 | $750.00 | | | | $1,000.00 |

Pin Ups Settlement Distribution

| First Name | Last Name | 1st 50k | 1st year | 2nd Year | 3rd Year | 4th Year | Total |
|---|---|---|---|---|---|---|---|
| Jocelyn | Harris | $500.00 | $4,000.00 | $4,000.00 | $4,000.00 | $1,989.63 | $14,489.63 |
| Tabatha | Hicks | $100.00 | | | | | $100.00 |
| Nafeesa | Hill | $500.00 | $1,109.50 | | | | $1,609.50 |
| Merideth | House | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $2,288.12 | $13,788.12 |
| Hermanita | Huffman | $500.00 | $750.00 | $750.00 | $688.45 | | $2,688.45 |
| Tamisha | Hughes | $500.00 | $3,000.00 | $3,000.00 | $3,000.00 | $2,272.91 | $11,772.91 |
| Elisha | Hunter | $500.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,002.25 | $4,502.25 |
| Amber | Jefferson | $300.00 | $334.38 | | | | $634.38 |
| Nauquetta | Johnson | $500.00 | $2,000.00 | $2,000.00 | $2,000.00 | $1,872.37 | $8,372.37 |
| Angela | Johnson | $250.00 | $750.00 | | | | $1,000.00 |
| Crystal | Johnson | $250.00 | $750.00 | | | | $1,000.00 |
| Nikole | Jones | $250.00 | $750.00 | | | | $1,000.00 |
| Franisha | Jones | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $1,212.15 | $12,712.15 |
| Danielle | Jones | $250.00 | $750.00 | | | | $1,000.00 |
| Nicole | Keel | $100.00 | | | | | $100.00 |
| Taneisha | King | $500.00 | $3,000.00 | $3,000.00 | $3,000.00 | $2,235.14 | $11,735.14 |
| India | Lee | $250.00 | $750.00 | | | | $1,000.00 |
| Joehaneisie | Martin | $500.00 | $6,000.00 | $10,000.00 | $10,000.00 | $6,109.34 | $32,609.34 |
| Tiffany | McAlister | $100.00 | | | | | $100.00 |
| Latasha | McWhorter | $500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,009.09 | $6,009.09 |
| Nikita | Monfort | $500.00 | $2,000.00 | $2,000.00 | $2,000.00 | $1,155.49 | $7,655.49 |
| Brittney | Odoms | $500.00 | $2,500.00 | $3,000.00 | $3,000.00 | $1,308.78 | $10,308.78 |
| Lamarcher | Parham | $250.00 | $754.78 | | | | $1,004.78 |
| Jammie | Parker | $500.00 | $1,500.00 | $2,000.00 | $2,000.00 | $917.81 | $6,917.81 |
| MariaJosefa | Perez | $240.19 | | | | | $240.19 |
| Leitha | Powell | $500.00 | $1,500.00 | $2,000.00 | $2,000.00 | $561.40 | $6,561.40 |
| Muhammadar | Reddick | $250.00 | $926.89 | | | | $1,176.89 |
| Danyelle | Revell | $100.00 | | | | | $100.00 |
| Shakira | Robinson | $100.00 | | | | | $100.00 |
| Ronalda | Robinson | $100.00 | | | | | $100.00 |
| Jaqueline | Scandrett | $135.94 | | | | | $135.94 |
| Raffinee | Simmons | $500.00 | $3,000.00 | $3,000.00 | $3,000.00 | $2,029.10 | $11,529.10 |
| Jatanya | Slaughter | $500.00 | $6,000.00 | $6,000.00 | $6,000.00 | $3,771.64 | $22,271.64 |

Pin Ups Settlement Distribution

| First Name | Last Name | 1st 50k | 1st year | 2nd Year | 3rd Year | 4th Year | Total |
|---|---|---|---|---|---|---|---|
| Cecily | Smith | $500.00 | $2,000.00 | $2,000.00 | $2,000.00 | $892.32 | $7,392.32 |
| Nikki | St. John | $500.00 | $750.00 | $703.88 | | | $1,953.88 |
| Martisha | Stevenson | $500.00 | $1,500.00 | $1,250.00 | $1,250.00 | $531.28 | $5,031.28 |
| Tara | Taylor | $119.63 | | | | | $119.63 |
| Sabrina | Thomas | $500.00 | $1,500.00 | $1,800.00 | $1,800.00 | $1,304.90 | $6,904.90 |
| Brykelas | Thorpe | $250.00 | $750.00 | | | | $1,000.00 |
| Joy | Wallace | $500.00 | $750.00 | $750.00 | $597.02 | | $2,597.02 |
| Crystal | Williams | $250.00 | $750.00 | | | | $1,000.00 |
| Otika | Williams | $100.00 | | | | | $100.00 |
| Candace | Williams | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $1,800.42 | $13,300.42 |
| Eulalia | Williams | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $3,076.56 | $14,576.56 |
| Tameeka | Williams | $500.00 | $1,500.00 | $1,250.00 | $1,481.86 | | $4,731.86 |
| Dagney | Williams | $500.00 | $2,000.00 | $2,200.00 | $2,200.00 | $1,735.19 | $8,635.19 |
| Dellareese | Williams | $500.00 | $750.00 | $1,228.27 | | | $2,478.27 |
| Elintrice | Woodard | $250.00 | $750.00 | | | | $1,000.00 |
| Nacory | Wright | $500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $781.30 | $5,781.30 |
| Kiera | Wright | $250.00 | $750.00 | | | | $1,000.00 |
| Brandy | Wright | $305.88 | | | | | $305.88 |
| Tamika | Wyatt | $100.00 | | | | | $100.00 |
| Tamika | Yarbrough | $500.00 | $3,000.00 | $4,000.00 | $4,000.00 | $1,676.88 | $13,176.88 |
| **Total** | | $29,701.64 | $107,403.85 | $104,108.52 | $99,382.30 | $53,183.52 | $393,779.83 |
| **Named Plaintiffs Bonus** | | $5,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $5,000.00 | $40,000.00 |
| **Attorney's Fees to Date** | | $12,818.86 | $32,596.15 | $35,891.48 | $40,617.70 | $16,816.48 | $138,740.67 |
| **Costs to Date** | | $2,479.50 | | | | | $2,479.50 |
| | | | | | | | |
| **Grand Total** | | **$50,000.00** | **$150,000.00** | **$150,000.00** | **$150,000.00** | **$75,000.00** | **$575,000.00** |